In the Matter of ERNEST ANDERSON, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, Montgomery County, August 8, 1955.

272

*Lansing S. Thornton* for petitioner.

*Jacob K. Javits, Attorney-General (Henry S. Manley* and *Philip J. Fitzgerald* of counsel), for respondent.

AULISI, J. This is a proceeding brought under article 78 of the Civil Practice Act for an order annulling the determination of the Commissioner of Motor Vehicles revoking the driver's license of the petitioner.

On September 2, 1954, the petitioner was arrested in the village of Fonda and charged with driving an automobile while intoxicated. The arresting officer requested the petitioner to submit to a blood test but this was refused by the petitioner who stated that he preferred to go before the judge. He was arraigned, pleaded not guilty, released on bail and the case was adjourned for trial to September 27, 1954, at which time the petitioner was acquitted.

A sworn report by the police officer that he had reasonable grounds to believe that the petitioner was driving in an intoxicated condition and that he had refused to submit to a chemical test was filed with the Commissioner of Motor Vehicles and the latter ordered a hearing in accordance with section 71-a of the Vehicle and Traffic Law. The petitioner testified at the hearing which was held on December 8, 1954, and was also represented by counsel. Thereafter his driver's license was revoked for refusal to take the test to determine the alcoholic content of his blood.

This proceeding has not been transferred to the Appellate Division of the Third Department as provided by section 1296 of the Civil Practice Act for the reason that the petitioner has not placed in issue the competency of the proof or the sufficiency of the evidence taken at the hearing. The petitioner attacks the constitutionality of section 71-a; urges that the police officer should have given him specific warning that if he refused to submit to the blood test that his license would be revoked and in general terms claims that the action taken and the procedure followed by the respondent was not in accordance with the law.

The question of the drunken driver has long presented a serious problem to law enforcement agencies interested in the safety of our highways and the protection of the lives of persons lawfully upon said highways. It must be remembered that it is a privilege to operate a motor vehicle on our highways and not a right. The Legislature of this State may prescribe sanctions and conditions on which that privilege is exercised, and may even deny that privilege, once acquired, in order to prevent unsafe driving on the highways. In *Matter of Schutt* v. *Macduff* (205 Misc. 43), Justice EAGER in a most learned and comprehensive analysis found that section 71-a was sound against constitutional assault except for two failures — it did not provide for a lawful arrest by a police officer and failed to afford the driver an opportunity to be heard. These defects were overcome when the section was amended in March, 1954, and in the case at bar the petitioner was first lawfully arrested and later accorded a hearing at which he testified and was represented by counsel.

I am of the opinion that said section is not violative of constitutional guarantees nor can I uphold the petitioner in his contention that the police officer should have warned him of the possible consequence or effect of his refusal to submit to the blood test. The language of the statute is clear and there is nothing on its face that requires the police officer to go any further than request the motorist to submit to the test. When the words of a statute are plain, clear and distinct there is no occasion to resort to other means of interpretation to restrict or extend the meaning.

I am of the opinion that it would be better practice for the police to inform a person about what might happen to his license in the event of his refusal but the statute does not require the officer to do so. The petitioner is presumed to know the law and he should acquaint himself, at least, with those laws which would affect him.

274

The petitioner having been acquitted of the charge after a trial, it may seem a bit harsh for him to have his license revoked. However, this is a separate and distinct statutory proceeding based upon the driver's refusal to submit to the test and his acquittal does not preclude this action against him under another law providing for licensing penalty.

The record here indicates clearly that the commissioner's action and final determination followed precisely the directions of the statute and was not arbitrary or capricious.

I, therefore, conclude and decide that the determination of the respondent should be confirmed and the petition should be dismissed, without costs.

Submit order accordingly.