Abbaham Sohlissel, J.
By information sworn to the 20th day of September, 1961 defendant was charged with having willfully and unlawfully operated a motor vehicle within this city on the 27th day of August, 1961 ‘1 while in an apparently intoxicated condition. All in violation of Sec. 1192, subd. 1 of the Vehicle & Traffic Law of the State of New York.”
The only possible statutory justification for the instant prosecution is that found in section 1192 of the Vehicle and Traffic Law. That section makes it a traffic infraction to operate a motor vehicle while one’s ability so to do “ is impaired by the consumption of alcohol” (subd. 1 thereof) and a misdemeanor (subd. 2) to so operate “ while in an intoxicated condition ”.
Nowhere in this section (or in any other statute called to this court’s attention) is it declared to be a traffic infraction or a misdemeanor to operate a motor vehicle 1 ‘ while in an apparently intoxicated condition.” (Emphasis supplied.) It is “ actual ” not “ apparent ” intoxication which the statute makes the touchstone of criminal responsibility.
It is true that the information here under consideration does charge a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law and thus implies that this defendant is alleged to have been driving while his ability so to do “ is impaired by the consumption of alcohol ”. Is this equatable with the specific statement made in said information that defendant was operating his motor vehicle ‘1 while in an apparently intoxicated condition? ”
This court believes that it is not and that there is a substantial and significant difference between operating a motor vehicle while one’s ability so to do “ is impaired by the consumption of alcohol” and so doing “while in an apparently intoxicated condition.”
It is, for example, quite possible for one to be “ in an apparently intoxicated condition ” without his ability to drive being “ impaired by the consumption of alcohol ”.
*75 In any event, as already observed, the statute (Vehicle and Traffic Law, § 1192) does not make driving while “ in an apparently intoxicated condition ’ ’ either an infraction or a misdemeanor and the conclusion is therefore, it seems to this court, irresistible that defendant is here charged with conduct which the statute does not proscribe.
Since it is elementary and not debatable that a defendant in a criminal (or even a quasi-criminal proceeding) is entitled, as a matter of constitutional right, to be informed in advance of trial as to the particular wrongdoing with which he is charged and the precise statute he is alleged to have breached, it necessarily follows that no conviction can flow from this imperfect and inadequate information charging a nonexistent offense.
It is, this court believes, appropriate to here note that it was most favorably impressed with the sincerity and frankness of both the complainant, James E. Dishaw and his wife. However, their very sincerity served to cast substantial doubt upon their claim that defendant was intoxicated at the time and place here involved or even that his ability to then drive was impaired by the consumption of alcohol. Such doubt was reinforced by the inconclusive nature of Dr. Kirschner’s testimony. The doctor is well known to and most favorably regarded by this court which believes, however, that his testimony was hardly of the character required to support a finding of guilt here and the visitation upon this defendant of the inevitable consequences of such finding.
This court emphasizes its belief that this prosecution was initiated in good faith and was sincerely motivated. Nonetheless, for the reasons above stated, it does not feel that a judgment of conviction would be justified.
Accordingly, the information is dismissed on the merits and on both the law and the facts, and the bail heretofore furnished by defendant discharged.