HANLON, Respondent

v.

COMMISSIONER OF MOTOR VEHICLES, Appellant

(123 N.W.2d 136)

(File No. 10016.   Opinion filed August 19, 1963)

**Frank L. Farrar,** Atty. Gen., **Alan Williamson,** Asst. Atty. Gen., Pierre, for Respondent and Appellant.

**Maynes & Myers,** Aberdeen, for Petitioner and Respondent.

HANSON, P.J. Elmer Hanlon was arrested and charged with driving while intoxicated. Shortly thereafter the Commissioner of Motor Vehicles, acting under authority of the Implied Consent Law, revoked Hanlon's permit to drive for one year for alleged refusal to submit to a blood test following arrest. Hanlon then petitioned the circuit court for a hearing which court determined that petitioner had consented to submit to a blood test and ordered his driver's permit returned. The Commissioner of Motor Vehicles appeals.

According to our Implied Consent Law (SDC 1960 Supp. 44.0302-2) every operator of a motor vehicle is deemed to have given consent to a chemical analysis of his blood, urine, breath or other bodily substance for the purpose of determining the amount of alcohol in his blood. The test is administered at the direction of a "police officer having reasonable grounds to believe such person to have been driving under the influence of alcoholic liquor and that such person has been charged with a traffic violation. Such person shall be requested by said officer to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the applicable provisions of this section in the event of such refusal with respect to the revocation of such person's driving permit. If such person, after request and explanation * * * shall refuse to submit to such chemical analysis, then such test shall not be given. In such event, the Commissioner of Motor Vehicles shall revoke for one year his permit to drive * * *. Any person

whose license has been cancelled, suspended, or revoked by the Commissioner * * * shall have the right to file a petition within thirty days thereafter for a hearing in the matter in Circuit Court in the county wherein such person was charged with the violation, and such Court is hereby vested with jurisdiction and it shall be its duty to set the matter for trial de novo upon ten days written notice * * * and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to cancellation, suspension, or revocation under the provisions of this section."

■ Under such law the Commissioner of Motor Vehicles is authorized to summarily revoke a driver's license for a period of one year upon the unsworn report of any police officer in the state. Notice is not required and an administrative hearing is not provided for. Consequently, the hearing in circuit court is not in the nature of an appeal from an administrative hearing nor a judicial review of discretionary administrative action. It is a trial de novo whereat the circuit court is required to take testimony and make its own independent determination as to whether or not petitioner's license is subject to revocation. Carnegie v. Department of Public Safety, Fla., 60 So.2d 728. The ex parte revocation of petitioner's license was of no evidentiary significance at the hearing and the trial court properly required the Commissioner to go forward with proof to show strict compliance with the statute.

Immediately after arrest petitioner was taken to the Aberdeen Police Station where the arresting officer read and explained Exhibit I. This was a printed form of advice for arrested persons on the Implied Consent Law. It also contained a printed consent or refusal to submit to a chemical analysis. Petitioner refused to sign. Notwithstanding, the trial court found from the evidence produced at the hearing that petitioner orally consented to submit to a blood test. He thereafter refused but within an hour after arrest he again orally consented to take the test. Based on such finding the court concluded his driving permit was not subject to summary revocation by the Commissioner.

■ ■ Reviewing the evidence in the light most favorable to the trial court's findings we are unable to find a clear preponder-

ance of evidence against the same. In this connection the Commissioner places considerable stress on petitioner's refusal to sign Exhibit I. However, he was not obligated to sign any statement or document under the provisions of our Implied Consent Law. Within a reasonable time after arrest petitioner had the right to orally refuse or orally consent to submit to a chemical analysis of his blood.

Affirmed.

All the Judges concur.