Richard J. Cardamone, J.
Petitioner brings this article 78 proceeding under the Civil Practice Law and Rules to obtain an order rescinding the order of the Commissioner of Motor Vehicles revoking petitioner’s operator’s license.
The petitioner was involved in a minor traffic accident in the City of Rome, Oneida County, New York, on November 7, 1963. There was some property damage, but no personal injuries were involved. The Rome City police came to the scene of the accident. Patrolman Fuller arrested the petitioner at the scene on a charge of driving while intoxicated. His sworn report, of November 7, 1963, stated: “ Upon arriving to investigate an accident, the driver of one car, Paul Williams Barnes (petitioner) was unable to stand or walk a straight line, his speech was slurred and his breath smelled strongly of alcohol. Barnes admitted he had been drinking ”, The petitioner was then taken to the Rome City Police Station. He was asked to take the chemical test, but he refused to answer. He finally said: “ I don’t think that I will take the test ”. He was then advised that his refusal would mean the loss of his license. Later that same night, the charge against the petitioner was changed from driving while intoxicated, to public intoxication, which is a violation of Ordinance 2 of the 'City of Rome. An affidavit regarding this changed charge was sworn to on December 6,1963, by Patrolman Fuller. Both of the affidavits by Fuller were forwarded to the Commissioner of Motor Vehicles in Albany. The information filed in the City Court of Rome, sworn to by Sgt. O’Brien of the Rome Police Department on November 8,1963, charged the petitioner with public intoxication. On November 20, 1963 the charge of public intoxication was dismissed upon the motion of the petitioner’s attorney. The petitioner pleaded guilty to violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law for failure to keep right.
Subsequently, a motor vehicle hearing was held on February 4, 1964 in Rome, New York. The petitioner was represented by his present counsel. The petitioner and Patrolman Fuller both *847 testified. The Hearing Referee revoked the petitioner’s operator’s license in accordance with section 1194 of the Vehicle and Traffic Law for the petitioner’s refusal to submit to a chemical test on November 7, 1963.
The preliminary question of jurisdiction must be disposed of first. The petitioner’s attorney, at the oral argument, raised the question of whether this proceeding raises an issue under subdivision 4 of § 7803 Civil Practice Law and Rules. If such is raised, the matter must be transferred to the Appellate Division. (CPLR 7804, snbd. [g].) A reading of all the papers before this court indicates that the only question raised by the petitioner as to the hearing held are objections in point of law, which this court may pass on. (CPLR 7804, snbd. [g]; Matter of Anderson v. Macduff, 208 Misc. 271 [Supreme Ct, Montgomery County, 1955].)
Petitioner claims that respondent Commissioner acted in error and without jurisdiction since the information filed charged petitioner with public intoxication (Ordinance 2 of City of Rome) and not driving while intoxicated (Vehicle and Traffic Law, § 1192), and that petitioner under that charge did not have to submit to a chemical test. Petitioner also contends that the subsequent affidavit by the same police officer, charging petitioner with public intoxication, indicates that the police officer did not have reasonable grounds to believe petitioner guilty of driving while intoxicated.
The petitioner’s contentions are untenable. Section 1193 of the Vehicle and Traffic Law provides: “A police officer may, without a warrant, arrest a person, in case of a violation of section eleven hundred ninety-two, .if such violation is coupled with an accident or collision in which such person is involved, which in fact has been committed, though not in the police officer’s presence, when he has reasonable cause to believe that the violation was committed by such person.” All of the requisites of section 1193 were met by the arresting officer. This arrest was “ unquestionably lawful ”. (People v. Belcher, 302 N. Y. 529, 533 [1951]; Matter of Taylor v. Kelly, 5 A D 2d 931 [3d Dept., 1958]; Matter of King v. Kelly, 9 A D 2d 840 [3d Dept., 1959].)
Section 1192 of the Vehicle and Traffic Law states that whoever operates a motor vehicle while in an intoxicated condition shall be guilty of a traffic infraction. Subdivision^. of the section further provides, however, that no conviction shall be had unless it is shown by means of a chemical test administered within two hours of defendant’s arrest that there was at least 10/100 of one per centum of alcohol in the defendant’s blood. Since the peti *848 tioner refused to submit to a chemical test, there could be no conviction under section 1192. (People v. Wagonseller, 25 Misc 2d 217 [I960].) The record is clear that it was after the defendant’s refusal, that the arresting officer charged defendant with public intoxication. Under these circumstances the information filed is not controlling but is treated merely as a pleading. (People v. Belcher, supra.)
Although the testimony of the arresting officer conflicts, at times, with the testimony of the petitioner, the petitioner himself admitted that he was informed by the arresting officer that the petitioner was under arrest for driving while intoxicated. The petitioner, at one point, also admitted that he was given an opportunity to submit to the chemical test before the charge was changed. However, he changed his testimony when questioned by his own attorney. This court is of the opinion that the Referee and the Commissioner were justified in finding the statutory conditions requiring revocation of the license had been established. (Matter of Clancy v. Kelly, 7 A D 2d 820 [3d Dept., 1958]; Matter of Calciano v. Hults, 13 A D 2d 534 [2d Dept., 1961].)
The post facto developments, after a lawful arrest under section 1193 of the Vehicle and Traffic Law, viz-a-viz pleading guilty to lesser offenses, conviction or acquittal, after trial on the same or a different crime, have no bearing on the action which the Commissioner must take under the provisions of subdivision 1 of section 1194 of the Vehicle and Traffic Law. That subdivision provides: “Any person who operates a motor vehicle or motorcycle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in an intoxicated condition. * * * If such person having been placed under arrest and having thereafter been requested to submit to such chemical test refuses to submit to such chemical test the test shall not be given but the commissioner shall revoke his license or permit to drive”. (Emphasis supplied.)
The same motor vehicle accident may give rise to two separate and distinct proceedings. One, a civil and administrative licensing procedure instituted by the Motor Vehicle Commissioner to determine whether a person’s privilege to drive shall be revoked; the other, a criminal action, instituted by the People in the appropriate court to determine whether a crime has been committed. Each proceed independently of the other, the out *849 come of one action is of no consequence in the other. (Matter of Finocchairo v. Kelly, 11 N Y 2d 58 [1962].)
The legislative scheme is clear. The right to drive being a privilege granted by the State, it has, for the protection of the public, imposed conditions on that privilege; one being that a person consent to a chemical test under the specified conditions of the statute. (Vehicle and Traffic Law, § 1194.) Once the conditions of the statute are met, refusal to take the test results in a mandatory loss of license. (Matter of Finocchairo v. Kelly, supra-, People v. Butts, 21 Misc 2d 799 [I960].)
The developments which follow in the courts as a result of the arrest give the defendant his constitutional guarantee and protection. There the People must prove their case beyond a reasonable doubt. (Code Grim. Pro., § 389.) The results of the criminal case are separate and distinct, and, often difficult of proof. (People v. Brick, 32 Misc 2d 73 [1961]; People v. McFarren, 28 Misc 2d 320 [1961]; Matter of Finocchairo v. Kelly, supra.) The Commissioner must proceed under the mandates of the licensing statute. (Matter of Anderson v. Macduff, supra.)
The petition is dismissed and the stay previously granted pending this determination by order dated February 24, 1964, is vacated.