Frank J. Kronenberg, J.
The petitioner, an infant, has instituted a proceeding pursuant to article 78 of the CPLR against the Commissioner of Motor Vehicles, wherein petitioner demands that a judgment be entered declaring the determination of the Commissioner of Motor Vehicles temporarily suspending the driver’s license of petitioner null and void and directing that said Commissioner return petitioner’s license and, further, that said Commissioner be prohibited from conducting any further hearings or proceedings in this matter.
On granting the order to show cause herein, Special Term ordered that the respondent be stayed from taking any further steps or proceedings in this matter (M. V. Case No. 5-49371), pending the determination of this proceeding.
It appears that on August 1, 1965, petitioner, while operating her motor vehicle in the Township of Amherst, New York, was stopped by a police officer who, upon examining her operator’s license, retained the same and issued a summons charging petitioner with a violation of section 392 of the Vehicle and Traffic Law (altering an operator’s license).
On August 18, 1965, the charge against petitioner was dismissed by the Honorable Theodore Smith, Police Justice of the township, upon motion of petitioner’s attorneys. It is alleged that said Justice directed that the Police Department return petitioner’s driver’s license.
However, the arresting officer forwarded petitioner’s license to the Commissioner of Motor Vehicles and the Commissioner *242 subsequently scheduled a hearing for December 23, 1965, pursuant to section 510 of the Vehicle and Traffic Law, to investigate a charge of altering a driver’s license.
Petitioner appeared with counsel at the scheduled hearing of December 23, 1965, and when the hearing officer refused to conduct the hearing in the manner desired by petitioner’s counsel, petitioner was advised by her counsel to refuse to testify. Petitioner’s counsel charges that the Commissioner 11 refused to present any accusers, refused to allow Petitioner to confront her accusers, refused to introduce any evidence or proceed on the charges and even refused to introduce the petitioner’s driver’s license into evidence ”, but that the Commissioner did seek to elicit testimony from the petitioner and that when petitioner refused to testify, the hearing officer temporarily suspended her driver’s license until such time as she would appear and testify at a hearing- investigating the alleged license alteration. Subsequently, the order to show cause was obtained herein.
Petitioner claims, among other things, that she has been deprived of her driver’s license without due process of law and that to expect petitioner to attend and testify at the Motor Vehicle hearing after the dismissal of the misdemeanor charge constituted double jeopardy.
A court conviction is not necessary to sustain a revocation or suspension of a driver’s license by the Commissioner of Motor Vehicles. (Vehicle and Traffic Law, § 510, subd, 7; Matter of Gregson v. Hults, 23 A D 2d 911, affd. 16 N Y 2d 936.)
Nor does an acquittal on a criminal charge necessarily preclude the Commissioner of Motor Vehicles from suspending or revoking a driver’s license. See Matter of Bowers v. Hults (42 Misc 2d 845), wherein the court pointed out that a motor vehicle accident may give rise to two separate and distinct proceedings. One, a criminal action, instituted by the People in the appropriate court to determine whether a crime has been committed, and the other, a civil and administrative licensing procedure instituted by the Motor Vehicle Commissioner to determine whether a person’s privilege to drive a motor vehicle shall be suspended or revoked; each proceeding being independent of the. other, and the outcome of one action being of no particular consequence in the other.
The developments which follow in the courts as a result of an arrest give the defendant his Constitutional guarantee and protection. There the People must prove their case beyond a reasonable doubt. (People v. Brick, 32 Misc 2d 73.) However, the Commissioner of Motor Vehicles may proceed under the *243 mandates of the licensing statute. (Matter of Anderson v. Macduff, 208 Misc. 271.)
It must be noted that the Commissioner of Motor Vehicles “ temporarily suspended ” petitioner’s license pending a final determination of the matter before the Commissioner.
Consequently, petitioner’s action is premature if petitioner seeks a determination by this court of the issue of Avhether or not her license should be suspended or revoked.
Section 7801 of the CPLR specifically states: “ Except Avhere otherAvise provided by laAV, a proceeding under this article shall not be used to challenge a determination: 1. Avhich is not final ’ ’.
HoAvever, the court will permit the challenge of the “ temporary suspension” and thus, the only question before the court is whether or not the temporary suspension of petitioner’s license was arbitrary, capricious, or otherwise unlawful.
The Commissioner of Motor Vehicles had the right by statute (Vehicle and Traffic Law, § 510) to temporarily suspend the petitioner’s license pending an investigation or hearing. Furthermore, the Commissioner cannot be enjoined from conducting his investigation and hearing solely because it is inconvenient for the petitioner to appear.
It appears that the Commissioner had sufficient information in his records to justify the calling of a hearing and that such a hearing was duly called, and, furthermore, it appears that the Hearing Commissioner was justified in suspending petitioner’s license temporarily until such time as the petitioner would appear and testify concerning the matter before the Commissioner.
Therefore, this court finds that the temporary suspension of the petitioner’s driver’s license Avas not arbitrary, capricious or unlawful and that, therefore, the stay granted petitioner prohibiting respondent from taking any further steps or proceedings must be and is hereby set aside, and that the petition herein must be and is hereby dismissed.
The court further finds and directs that the Commissioner of Motor Vehicles schedule a hearing as soon as possible, giving the petitioner an opportunity to appear and testify if she so desires, before a final determination is made by said Commissioner and, further, that nothing herein should be construed to prevent petitioner from challenging said final determination of the Commissioner by means of an article 78 proceeding or otherwise-