HOWE, Appellant

v.

COMMISSIONER OF MOTOR VEHICLES, Respondent

(149 N.W.2d 324)

(File No. 10325.   Opinion filed March 14, 1967)

**Martens, Goldsmith, May & Porter,** Pierre, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **C. J. Kelly,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

BIEGELMEIER, Judge (on reassignment).

The Commissioner of Motor Vehicles, under our implied consent law,[1] revoked the driver's license of appellant Howe, who then petitioned the circuit court for a de novo hearing thereon. After such hearing the court entered an order affirming the Commissioner's action.

The hearing in circuit court is a trial de novo where testimony is required on which the court makes its own independent

1. SDC 1960 Supp. 44.0302-2 set out in a note to Beare v. Smith, 1966, S.D., 140 N.W.2d 603.

determination whether or not the license is subject to revocation. Hanlon v. Commissioner of Motor Vehicles, 80 S.D. 316, 123 N.W.2d 136. The trial court found a proper and legal explanation of the statute had been made to Howe, including his right to refuse to submit to a chemical test to determine the alcoholic content of his breath, but, if he did refuse, his driver's license would be revoked.

Appellant urges the Commissioner did not produce the required proof of "strict compliance" with the statute and no clear and convincing evidence:—(1) Howe was requested to submit to analysis of his breath, (2) that if he refused his license would be revoked and (3) that his statement "I don't want" to take the test was not a flat refusal.

▆▆▆▆ The clear and convincing rule does not apply to this proceeding in circuit court, a preponderance of the evidence being the guide for the trial judge. This court reviews the evidence in the light most favorable to the trial court's findings which must prevail unless the evidence clearly preponderates against them.[2]

---

2. Howe was stopped by a state patrolman while driving his car on U. S. Highway 83 about two miles south of Ft. Pierre. The patrolman testified:

"A  After I placed him in the patrol car, I advised him that he was under arrest for driving under the influence of intoxicating liquors and asked him if he would submit to a Breathalyzer test to determine the alcoholic content and I advised him that he did not have to take the Breathalyzer test, however, if he refused to take the Breathalayzer test he faced losing his license for a period of one year for refusal.

"Q  Did he make any answer to your explanation?
"A  Yes, sir, he said he would take it. * * *
"Q  Was this test administered to Mr. Howe?
"A  No, sir, it was not.
"Q  Would you explain why such test was not administered to Mr. Howe?
"A  Immediately upon his consent, I called State Radio on the two-way radio and had them call Trooper Fratzke who administers Breathalyzer tests in this county and he was called and we proceeded to Fort Pierre and as we approached the bridge, the subject asked me what I would do if I was him and I told him I could not advise him as to what he should do. He asked me if the test would prove that he was drinking or would show that he was drinking and I told him if he was, that it would show that and he said, I don't want to take it. I advised him again that he did not have to take it if he did not wish to, however, if he did refuse, the Motor Vehicle Commissioner could and probably would revoke his license for a year.
"Q  What was his answer to that?
"A  He still didn't want to take it."

Howe's testimony was:
"A  He (Patrolman) said do you want to take this test and as I recall, there was some certain code law or numbers or something and he said that I didn't have to take this test and I said well, I would take the test, I guess, and he radioed and talked to somebody and so forth and then I said explain that to me again.
"Q  Were you and he in the car at this time?
"A  Yes. * * *
"Q  Did he explain it again?
"A  He did and I said, well, I don't believe I want to take that test."

Hanlon v. Commissioner of Motor Vehicles, supra. That does not appear here as to any of appellant's claims. That the request and explanation were made out of the presence of corroborating witnesses when it could have been made in the presence of others after the parties reached Ft. Pierre and the request was not made by reading a form prepared and furnished patrolmen by the Commissioner were matters for the trial judge to consider. It seems clear Howe's statements "I don't want to take it (the test)" and after further explanation "He still didn't want to take it" as testified to by the patrolman and "well, I don't believe I want to take that test" as testified to by Howe were refusals to take the test and so understood by all concerned. The explanation of the result of a refusal to take the test was sufficient when Howe was told he "faced losing his license" and the Commissioner "could and probably would revoke his license for a year".

Appellant further contends the failure of the patrolman to advise Howe of his right to an additional test by his own physician did not comply with the required explanation of the statute. The statute states such person shall be requested by an officer to submit to an analysis theretofore mentioned, be advised of his right to refuse to submit thereto and the applicable provisions of the section in the event of his refusal with respect to the revocation of his driver's license. It then continues: "If such person, after request and explanation as **hereinbefore** provided, shall refuse to submit to such chemical analysis, then such test shall not be given." (Emphasis supplied). In the third paragraph thereafter, a sentence appears to give permission to have the test made by a qualified person of his own choosing in addition to the one administered at the direction of the officer. While it may be proper to so advise, and the Commissioner's form includes that explanation, it was an additional test of which he might avail himself and not one which had to be included in the explanation. Beare v. Smith, 82 S.D. 20, 140 N.W.2d 603.

Affirmed.

All the Judges concur.