BLOW, Respondent
v.
COMMISSIONER OF MOTOR VEHICLES, Appellant

(164 N.W.2d 351)

(File No. 10501. Opinion filed January 27, 1969)

Frank L. Farrar, Atty. Gen., **A. H. Shuster,** Asst. Atty. Gen., Pierre, for defendant and appellant.

Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for petitioner-respondent.

HOMEYER, Judge.

The Commissioner of Motor Vehicles has appealed from an order of the circuit court vacating the revocation of the driver's license of the petitioner, Harvey J. Blow, because of his refusal to submit to a chemical analysis of his blood under the Implied Consent Law, SDC 1960 Supp. 44.0302-2.

The narrow question presented for decision is whether Blow's request to talk to his attorney before he exercised his option to either consent or refuse a blood test is a basis for the trial court's determination that he did not refuse to submit to the requested blood test. No contention is made that other conditions imposed by the statute as foundation for the exercise of the Commissioner's power to revoke were not complied with. See Hanlon v. Commissioner of Motor Vehicles, 80 S.D. 316, 123 N.W.2d 136; Chmelka v. Smith, 81 S.D. 40, 130 N.W.2d 423.

The trial court specifically found Blow was arrested for operating a motor vehicle while under the influence of intoxicating liquor and that there were reasonable grounds for such arrest; that a police officer requested him to submit to a chemical analysis of his blood; that he was properly advised of his rights in connection with such requested blood test; and that after such request he said he wanted to speak to his lawyer first about it. The evidence amply supports each of such findings. There was also evidence from the Commissioner that Blow attempted to make a telephone call from the police station, but received no answer. However, for purposes of decision we assume Blow was not permitted to call or talk to his attorney after he asked to do so. In our opinion the question to be resolved is solely a question of law and consequently we deem it unnecessary to further consider the facts and circumstances preliminary to revocation.

 The legislature has the full authority to prescribe the conditions upon which licenses to operate motor vehicles are issued and to designate the agency through which and the conditions upon which licenses when issued shall be suspended or revoked. The right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety and welfare. Chmelka v. Smith, supra, 7 Am.Jur.2d, Automobiles and Highway Traffic, §§ 10, 12, pp. 603, 605; 60 C.J.S. Motor Vehicles § 146, p. 469.

██ The proceeding to determine or review the suspension or revocation of a driver's license for refusal to submit to a chemical test is a civil and administrative proceeding. It is separate and distinct from a criminal action on a charge of driving while under the influence of intoxicating liquor or drugs. Bowers v. Hults, 42 Misc.2d 845, 249 N.Y.S.2d 361; Smith v. Hults, 50 Misc.2d 240, 269 N.Y.S.2d 900. See also Annot., 88 A.L.R.2d 1064, 1067. Effectual revocation is not dependent upon conviction of the criminal charge related to the requested test. Beare v. Smith, 82 S.D. 20, 140 N.W.2d 603; Prucha v. Department of

Motor Vehicles, 172 Neb. 415, 110 N.W.2d 75, 88 A.L.R.2d 1055. The purpose of the suspension or revocation is to protect the public and not to punish the licensee. Nevertheless, the possibility thereof does impress upon the licensee the necessity of obeying traffic laws and regulations for the safety of the public as well as for his own safety.

Petitioner has not cited and we have been unable to find any case which holds that a request for counsel by a licensee before exercise of an option to consent or refuse a sobriety test when disregarded by authorities can be considered as the basis for a holding that there was no refusal to submit to a test under an implied consent statute. When considered, the matter has usually arisen on a claim of violation of a constitutional right to counsel.

In Finacchairio v. Kelly, 11 N.Y.2d 58, 226 N.Y.S.2d 403, 181 N.E.2d 427, cert. den. 370 U.S. 912, 82 S.Ct. 1259, 8 L.Ed.2d 405, under a statute in many respects similar to ours, the Court of Appeals reversed an intermediate appellate court, (Finocchairio v. Kelly, 14 A.D.2d 503, 218 N.Y.S.2d 132), which had held that an arrested driver's request for an opportunity to consult counsel before submitting to a blood test was reasonable under the circumstances, and not a refusal under the implied consent law. In directing reinstatement of the revocation, the Court of Appeals said: "So far as the revocation of petitioner's license for his conditional refusal to take a blood test is concerned, the constitutional rights of petitioner were not invaded because of the refusal of his request for counsel."

In Gottschalk v. Sueppel, 258 Iowa 1173, 140 N.W.2d 866, a lower court had reinstated a driver's license holding that the petitioner should have had an opportunity to consult with his attorney before exercising the option to consent or to refuse to submit to a chemical test relying upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. In reversing, the Iowa court made it clear that the right to counsel is limited to criminal prosecutions and does not apply to civil and administrative driver's licensing procedures. See also Severson v. Sueppel, Iowa, 152 N.W.2d 281.

In Finley v. Orr, 1968, Cal.App., 69 Cal. Rptr. 137, in a proceeding which sought reinstatement of a suspended driver's license, the petitioner contended "he was denied his right to have counsel present when he was called upon, while in custody of the police, to decide whether he would submit, or refuse to submit, to one of the tests". The court said: "There is no merit to appellant's contention regarding the absence of counsel when he was called upon to decide whether to take the test."

In Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, the blood test was made at the direction of a police officer after the petitioner had refused to submit to the test on advice of counsel. Among other claims, Schmerber contended he had been denied his right to assistance of counsel under the Sixth Amendment. The court said: "Since petitioner was not entitled to assert the privilege, (against self-incrimination) he has no greater right because counsel erroneously advised him that he could assert it (in refusing the test). His claim is strictly limited to the failure of the police to respect his wish, reinforced by counsel's advice, to be left inviolate. No issue of counsel's ability to assist petitioner in respect of any rights he did possess is presented. The limited claim thus made must be rejected." Schmerber, of course, was a criminal case and was not concerned with the effect of a refusal upon a licensee's driving privileges.[1] However, it is obvious that either presence or absence of counsel was an immaterial factor. See also State v. Batterman, 79 S.D. 191, 110 N.W.2d 139.

■■ The implied consent statute does not sanction a "qualified refusal", Beare v. Smith, supra, or as the New York court termed it a "conditional refusal", Finocchairio v. Kelly, supra. The statute requires a licensee to make a choice. In our opinion he is not entitled to the assistance of counsel in making that choice. He either consents to a test with a chance that an unfavorable result may aid in his conviction or he refuses and loses his driving privileges for one year. When the condi-

---

1. Schmerber was convicted in Los Angeles Municipal Court of the criminal offense of driving an automobile while under the influence of intoxicating liquor, Cal.Veh.Code, § 23102. The crime was committed Nov. 12, 1964. California adopted an implied consent statute on June 30, 1966. See Cal.Veh.Code, §§ 13353—4 (1966 Supp.) ,

tions imposed by the statute are met the duty of the Commissioner is purely ministerial and mandatory. Chmelka v. Smith, supra; Serenko v. Bright, Cal.App., 70 Cal.Rptr. 1. Nevertheless, we submit the benefits are not all on the side of law enforcement agencies. The scientific accuracy revealed by a test may exonerate a suspect just as readily and conclusively as it may incriminate him. Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448.

▆▆ To conclude that a request for counsel when asked to submit to a chemical analysis to determine intoxication or the degree thereof is not in fact a refusal of a test would in our opinion emasculate the implied consent law and make it practically non-effective. It is a matter of common knowledge that a large percentage of arrests for DWI are made late at night or during early morning hours. In the instant case the arresting officer testified he was called at 11:51 p.m. In this state many arrests are made in remote and sparsely settled areas with counsel not easily available. By requesting a lawyer and thus delaying a test a licensee in many instances could circumvent the statute. As the court said in Schmerber: "We are told the percentage of alcohol in the blood begins to diminish shortly after drinking stops, as the body functions to eliminate it from the system." Some states have statutes barring use of the test as evidence unless made within two or three hours of the event to be proved or the time of the arrest.[2]

In Stensland v. Smith, 79 S.D. 651, 116 N.W.2d 653, we held a police officer had implied authority to select the test to be given; that is, "blood, urine, breath or other bodily substance * * *." To hold otherwise, we said "All the starch would be taken out of the law * * *". Such statement is also apropos to the instant situation.

Blood tests are part of a civil and administrative proceeding and the petitioner was not entitled to counsel. By such request we hold that he refused to take a blood test as completely

---

2. Robert L. Donigan, Chemical Tests and the Law, (1966) p. 48.

and effectively as if he had expressly so stated.[3] The order of the trial court is reversed and the cause remanded with directions to reinstate the Commissioner's order revoking petitioner's driver's license.

All the Judges concur.

---

3. In Beare v. Smith, 82 S.D. 20, 140 N.W.2d 603, we held a licensee's request that his own doctor perform the test was a refusal. Also in Howe v. Commissioner of Motor Vehicles, 82 S.D. 496, 149 N.W.2d 324, we held a licensee's statement "well, I don't believe I want to take that test" constituted a refusal.