STATE, Respondent v. BIRNEY, Appellant

(176 N.W.2d 475)

(File No. 10649. Opinion filed April 14, 1970)

**Glenn E. Fisher,** Webster, for defendent-appellant.

**Gordon Mydland,** Atty. Gen., **R. James Zieser,** Asst. Atty. Gen., Pierre, for plaintiff-respondent.

RENTTO, Judge.

The information filed against the defendant was in two parts. In the first he was charged with operating a motor vehicle upon a public highway while under the influence of alcoholic liquor. The second alleged that he had previously been convicted three times of the same offense. On arraignment on the charge alleged in the first part he was advised of the other part, after which he entered a plea of not guilty of the crime charged. After a two-day trial at which he was represented by counsel the jury returned its verdict finding him guilty.

Thereafter he was arraigned on the matters alleged in the second part of the information. To these charges he also pled not guilty and requested a trial by the court which was granted. His former counsel continued to represent him. At the conclusion of this trial the court found him guilty as charged. As authorized by SDCL 32-23-4 he was sentenced to be imprisoned for 18 months in the penitentiary. Also his driver's license was suspended for a period of one year after his release therefrom. From this judgment he appeals.

After his arrest defendant was taken to the police headquarters in Watertown. His brother who was riding with him when he was arrested also went to the station. Defendant was requested to submit to an analysis of his breath and advised of his rights under our implied consent law and the provisions thereof. The officer chooses the type of this test, not the motorist. Stensland v. Smith, 79 S. D. 651, 116 N.W.2d 653. He readily consented to a test of his breath. This test, conducted by a police captain, utilized a device known commercially as a Breathalyzer. The results of it were adverse to the defendant. He says that he then asked to be permitted to have a blood test in addition to the breath test. His principal complaint here is that this request was denied.

 Our implied consent law gives him this right. SDCL 32-23-15. The police captain advised him of it even though such is not required. Howe v. Commissioner of Motor Vehicles, 82 S.D. 496, 149 N.W.2d 324. At defendant's request a police officer called the hospital.and was advised that it was equipped to withdraw blood for the test and that the charge for this service was $10.00. The defendant was given this information and offered transportation to the hospital.

 He was informed that it was his obligation to pay for such additional test. However, defendant and his brother did not have enough money with them to pay the charge. It is suggested that the cost of this service was the obligation of the prosecution. That is not our view. While our statute is silent on this feature we are persuaded the legislature intended such test to be at the expense of the requesting party. It affords him a check on the accuracy of the other test.

 Defendant's brother testified that the arresting officers refused his offer to go to his home in Watertown and secure sufficient additional money. It is claimed that such action denied the defendant his right to have the additional test. There is no evidence corroborating the brother's version and it was categorically denied by the three officers. In our review of this contention we accept that version of the record most favorable to the state. Looked at in that light there is no basis for his claim. Consequently, we need not decide what the duty of the officers would have been if the circumstances were as claimed by defendant's brother.

It is also asserted that the evidence is insufficient to warrant his conviction. This is so devoid of support in the record as to be almost frivolous. Three officers and one layman gave eyewitness evidence on the issue of intoxication as witnesses for the state. It was their unanimous opinion that on the occasion in question defendant was intoxicated. Only his brother testified to the contrary, but admitted that they had been drinking alcoholic beverages. Also according to the result of his breath test, to which he made no objection when it was put in evidence, the amount of alcohol in his blood was nineteen hundredths percent. By virtue of SDCL

32-23-7 he was presumed to be under the influence of intoxicating liquor.

The other rulings urged and complained of have been considered, but in our view they are without error and do not merit specific mention.

Affirmed.

All the Judges concur.

BIEGELMEIER, Judge (concurring).

I concur with a few observations.

This court held in the cited Stensland opinion in 1962 the officer chooses the test; that any added tests recognized are to be at the choice and expense of the motorist is so clear that the whole appeal is frivolous.

It may well be appeals of this type are the result of court opinions binding on us that require appeals to be taken to appellate courts, as this was, at public expense for defendants who make claims they are indigent, but who nevertheless continue to drive automobiles as a menace to others and thus contribute to the increasing accident and death roles. They have everything to win, nothing to lose; the public has little to win, everything to lose including its confidence in the ability of courts to enforce domestic tranquility.