Hon. James L. Larocca Commissioner Energy Office
This is in response to your request for my opinion as to whether General Business Law, § 322-a(3)(a) prohibits the advertisement of certain gas appliances in publications or other media which enjoy national or multi-state distribution, but which are published or produced outside of New York State. You further ask if my opinion would be affected if the advertiser were a New York Corporation.
General Business Law, § 322-a(3)(a) provides that the following act shall be unlawful:
 "(a) The sale of offering for sale by advertisement or otherwise or displaying for sale of gas appliances for use in, or in connection with, a residence."
A "gas appliance" is defined by General Business Law, § 322-a (2) (a) as:
 "(a) Gas appliance. Any furnace, air-conditioner, heater, refrigerator, stove, range, dishwasher, clothes dryer, clothes washer, or other such device, which uses a gaseous fuel other than propane for the operation thereof, and which is manufactured after the effective date of this section, and is automatically ignited by a means other than an intermittent ignition device."
General Business Law, § 322-a (1) provides:
 "1. Legislative intent. The legislature hereby finds and declares that conservation of gaseous fuels is in the best interest of the health, safety and welfare of the citizens of this state and that such conservation also shall result in economic savings to the users of such fuels. The legislature, further, finds that with the advances in technology, the use of continuously operated or lighted pilot lights to provide for ignition of certain gas appliances is both wasteful and no longer necessary."
The legislative intent behind General Business Law, § 322-a as expressed in subdivision 1 thereof, is to conserve fuel by mandating use of intermittent ignition devices. In order to achieve this result, the language of General Business Law, § 322-a explicitly prohibits the "offering for sale by advertisement" of "gas appliances". There is no language within the section which allows certain publications to be exempt from this prohibition. In fact, if some publications were allowed to advertise for sale these gas appliances, it would obviously run contrary to the expressed intent of the statute. Where the words of a statute are plain, clear, and distinct there is no occasion to resort to other means of interpretation to restrict or extend the meaning thereof (Anderson v MacDuff, 208 Misc. 271 [1955]). It is clear that advertisements for these appliances are prohibited whether or not they receive multi-state distribution, are published outside of New York, or are published by a New York corporation.
In your request you also ask for my opinion in the event I conclude that such advertising would be prohibited under General Business Law, § 322-a (3)(a), as to whether such advertising could nevertheless be permitted if it contained a disclaimer such as "Not for sale in New York State".
In light of the fact that General Business Law, § 322-a (3) (a) prohibits the "offering for sale by advertisement" of certain gas appliances, it would appear that such advertising could run in publications that are distributed within New York State if a proper disclaimer were included specifically exempting New York State from the ambit of the "offer for sale". (Emphasis supplied.) Furthermore, I find no constitutional objection to the application of General Business Law, § 322-a to such publications.
Accordingly, I conclude that General Business Law, § 322-a (3) (a) prohibits publications enjoying multi-state distribution from advertising certain gas appliances, as defined by General Business Law, § 322-a, within New York State. However, such advertising would be allowed if an appropriate disclaimer were included in the advertisement exempting New York State from the ambit of the offer for sale.