**In the Matter of the Revocation of the Driver's License of Donald McKILLOP.**

**No. 12397.**

Supreme Court of South Dakota.

Submitted on Briefs.
Decided Dec. 28, 1978.

---

Judy A. Atkinson, Asst. Atty. Gen., Pierre, for appellant State of South Dakota, Dept. of Public Safety; William J. Janklow, Atty. Gen., Pierre, on the brief.

Patrick J. Kirby, Mitchell, for respondent Donald McKillop.

PER CURIAM.

This case involves the revocation of the driver's license of Donald McKillop by the Department of Public Safety (department) after an administrative hearing before a department examiner regarding McKillop's refusal to submit to a chemical breath test. McKillop petitioned the circuit court for a trial de novo pursuant to SDCL 32–23–12 and the circuit court reversed the order of the department which revoked McKillop's

license for a period of one year. We reverse and remand.

On December 12, 1975, McKillop was involved in a minor automobile accident in Mitchell, South Dakota. The investigating police officer observed that McKillop's walk appeared to be unstable and further ascertained that McKillop had a strong odor of alcohol on his breath. Upon inquiry by the officer, McKillop admitted that he had been drinking. The officer then placed McKillop under arrest for driving while intoxicated, informed him of the provisions of the implied consent law, and requested that he consent to a breath test. McKillop consented to the test. Upon arrival at the police station, McKillop requested and was granted permission to make some phone calls. He then proceeded to make at least eight phone calls. Three of these calls were to a cousin who is a doctor in Minnesota, two were to another cousin who is a lawyer in Texas, and several others were to friends. After making some of these calls, McKillop decided that he would take the test but that he would do so "under protest" and he wished to have two friends present. He then ignored repeated requests by the officer to take the test and continued making phone calls to line up these "witnesses." After about forty minutes had elapsed, twice the normal waiting period, McKillop still had not taken the test and continued making "arrangements." The officer then made a determination that McKillop had refused the test and proceeded accordingly.

At McKillop's request, a hearing was conducted before a department examiner on March 5, 1976, to determine whether McKillop's driver's license should be revoked for one year for refusal to submit to the chemical breath test. The hearing examiner concluded that the driver's license should be revoked for a period of one year and entered an order accordingly. McKillop then petitioned the circuit court for a trial de novo, which resulted in reversal of the hearing examiner's decision. The circuit court found as a conclusion of law that McKillop's actions did not constitute a refusal to the breath test. The department appeals that decision contending that the circuit court erred at law in so concluding. We agree.

We have discussed the implied consent law and various actions or replies constituting a refusal in *Peterson v. State*, S.D., 261 N.W.2d 405 (1977); *Matter of Kotas*, S.D., 261 N.W.2d 415 (1977) and *Blow v. Commissioner of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969).[1] Those cases make it clear that actions which delay, qualify, or condition the arrested driver's consent constitute a refusal to take the test. The arrested driver is not free to consent "under protest" and may not insist upon having conditions met or friends present. It is settled that the arrested driver has but one choice to make, to take the test or not, and he/she has no right to conditions, advice, or delay.

We find that, based on our decisions in *Peterson, Kotas* and *Blow*, the court erred as a matter of law in concluding that McKillop's actions did not constitute a refusal to take the breath test as requested by the officer. Therefore, we reverse the order and judgment of the circuit court and remand the cause to the circuit court so that judgment may be entered affirming the order of revocation of the department.

---

1. We note that the order and judgment of the circuit court were entered prior to the *Peterson* and *Kotas* decisions.