STATE of South Dakota, Plaintiff
and Respondent,

v.

Kent L. BRAUNESREITHER,
Defendant and Appellant.

No. 12380.

Supreme Court of South Dakota.

March 1, 1979.

B. Elizabeth Godtland, Judith A. Atkinson, Asst. Attys. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

John P. Blackburn, Yankton, for defendant and appellant.

PER CURIAM.

Motorist Kent C. Braunesreither's driver's license was revoked because of his refusal to take a chemical test by order of a Hearings Officer, Department of Public Safety, South Dakota, on April 21, 1977. He appealed to the circuit court. A trial de novo was held. On October 5, 1977, the learned trial court entered findings of fact, conclusions of law, and judgment upholding the Hearings Officer's order. He now appeals from the circuit court's ruling. We affirm.

Immediately after his arrest at midnight on February 18, 1977, near Lesterville, South Dakota, Braunesreither was read the South Dakota Implied Consent warning which provided, in part, that "[i]f you refuse the test I have requested, your driver's license will be revoked for one year

. . . ." At the arrest scene, the arresting officer asked the appellant if he wished to submit to the chemical test. Appellant gave no response. The officer explained to the appellant that he would have to have a verbal yes or no answer. Again, appellant gave no response. Appellant was then taken to the Yankton Police Station.

Upon his arrival at the station, the implied consent warning was read again. Braunesreither asked permission to call his attorney; his attempts at contacting an attorney were futile. After several requests to take the chemical test and several unsuccessful tries at contacting Braunesreither's attorney, the arresting officer advised Braunesreither that if he did not receive a yes or no answer the officer would consider the response a refusal to submit to the test. Instead of answering, Braunesreither repeatedly said "I want to talk to my lawyer." As the officer was writing a refusal, Braunesreither decided to take the test. The officer did not permit Braunesreither to take the test. An hour and a half had elapsed since Braunesreither had been first advised of his rights.

■ Under these circumstances, did Braunesreither's offer to take the chemical test nullify his earlier refusal? We hold that it did not.

Braunesreither argues that his several requests to consult with an attorney are not refusals under the implied consent law because the arresting officer gave him permission to attempt to consult with his attorney. Braunesreither places great emphasis on the officer's "permission." This factor, however, is irrelevant. In the *Matter of the Revocation of the Driver's License of McKillop*, S.D., 273 N.W.2d 126 (1978); *Peterson v. State*, S.D., 261 N.W.2d 405 (1977).

In the case at Bar, Braunesreither repeatedly would not answer yes or no as to whether he would take the test. His refusal to answer and unsuccessful attempts in reaching counsel for advice caused delay and was an attempt to impose a condition.

Braunesreither had only one choice, whether or not to take the test; he did not have the right to consult with counsel before deciding. *Blow v. Commissioner of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969). The arresting officer was on sound legal ground in refusing to give the test after Braunesreither again insisted on talking to his attorney. One refusal is determinative. *McKillop*, supra; *Peterson v. State*, supra.

■ Braunesreither also argues that he was not correctly advised of SDCL 32–23–11 which provides that, after a hearing, one's license *may* be revoked for refusal to submit to the test. He claims that he could not make an intelligent decision because he was incorrectly advised that if he refused "your driver's license will be revoked." We find no merit in this argument. The explanation sufficiently advised Braunesreither of his rights and was in more than substantial compliance with the implied consent statutes to justify the revocation. *State v. Hartman*, S.D., 256 N.W.2d 131 (1977); *Howe v. Commissioner of Motor Vehicles*, 82 S.D. 496, 149 N.W.2d 324 (1967).

■ Braunesreither finally urges that this court declare *Blow v. Commissioner*, supra, unconstitutional and adopt the reasoning of *Prideaux v. State Dept. of Public Safety*, Minn., 247 N.W.2d 385 (1976) in holding that there is a limited due process right to counsel before deciding whether to submit to a chemical test. We have considered this point in several previous decisions and continue to adhere to the principle enunciated and reaffirmed therein. *Blow v. Commissioner*, supra; *Peterson v. State*, supra; *McKillops*, supra; *Matter of Kotas*, S.D., 261 N.W.2d 415 (1977).

The judgment is affirmed.