Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for petitioner and appellant.

**DEPARTMENT OF PUBLIC SAFETY, State of South Dakota, Plaintiff and Respondent,**

v.

**Ann R. WILLIAMS, Petitioner and Appellant.**

**No. 12683.**

Supreme Court of South Dakota.

Decided Jan. 16, 1980.

PER CURIAM.

The Department of Public Safety revoked Ann R. Williams' driver's license because of her refusal to take a chemical test. The circuit court upheld this determination. We affirm.

Mrs. Williams was arrested on April 28, 1978, in Wall, South Dakota. Officer Tom McCarty read her implied consent rights to her. Mrs. Williams agreed to take the test if she could consult her attorney and if the test was administered in Wall.

Because no arrangement exists between the law enforcement agencies and the medical community in Wall for the taking of blood samples, the samples are taken in Rapid City. On the way to Rapid City, Officer McCarty read the implied consent rights again and asked Mrs. Williams if she would take the test. She agreed to take the test. As the police vehicle passed the town of New Underwood, some eighteen miles east of Rapid City, Officer McCarty again asked Mrs. Williams if she would take the test so that he could assure that the sheriff's office would be prepared to give the test when they arrived in Rapid City. In response to this third inquiry, Mrs. Williams indicated her refusal to consent to the test.

Mrs. Williams argues that her refusal to consent to the test did not rescind her previous consent because Officer McCarty did not re-read the implied consent rights to her prior to his third request. We do not agree.

Although Officer McCarty did not read the implied consent rights from his card prior to his third request, he did explain the consequences of a refusal. His explanation, coupled with his two prior explanations of the implied consent rights, sufficiently advised Mrs. Williams of her rights, complied with the implied consent statutes, and justified the revocation of her license. *State v. Braunesreither*, 276 N.W.2d 139 (S.D.1979).

The judgment is affirmed.