Marcus G. Christ, J.
This is an action to recover the purchasers’ down payment under a real estate contract, after the purchasers were unable to obtain a mortgage.
The plaintiffs, as purchasers, and defendants, as sellers, entered into a written agreement on July 7, 1956 for the sale of a dwelling house and lot at No. 6 High Street, Hicksville, Nassau County, New York. The price was $16,800 payable as follows: $1,200 on the signing of the contract and the balance of $15,600 in cash or certified check on September 4,1956. There was an existing mortgage on the property but this was to be satisfied at the time of closing title and the plaintiffs were to get a new mortgage.
The contract contains the following clause: ‘ ‘ subject to the purchasers at their own cost and expense procuring a first mortgage in the sum of $15,600. for a period of 30 years with interest at 4%% approved by the Veteran’s Administration. In the event the purchasers are unable to secure such a committment within 3 weeks from the date hereof then this contract at the option of either party may be cancelled and upon the seller refunding to the purchaser all sums paid hereunder this contract shall become null and void and liabilities of the parties shall terminate. In the event that the purchasers are unable to secure a V. A. approval of such mortgage committment on or before August 17, 1956, and notifies the sellers in writing by letter addressed to John A. Murray, Jr., 39-01 Main Street, Flushing, N. Y. to be received on or before August 21, 1956 of their inability to procure such a mortgage and their desire to terminate the contract then and in those events the seller shall refund all monies paid to them by the purchasers, the contract ah all be terminated and all liability hereunder shall cease. Otherwise it is to remain in full force and effect.”
The two original writings are different in the dates found in this paragraph. The plaintiffs’ copy shows the August 17 date as August 24 and the August 21 date as August 28. In the agreements all other changes and additions were initialed by the parties. The change in the dates above on plaintiffs’ copy bears *873 no initials of anyone. For this reason and on the testimony at the trial the court finds the dates to be the 17 and 21 of August as written above.
The case turns upon whether the plaintiffs so acted in relation to the requirements and provisions of this subject paragraph as to entitle them to recover the down payment of $1,200 made to the defendants. It will be noted that the property is sold subject to the purchasers’ procuring a mortgage and that the obligations and rights were spelled out in some detail. The steps are to be taken in stages.
The first stage has to do with the commitment from the lending institution. If this were not obtained within three weeks, as computed, by July 28, the contract could be cancelled at the option of either party and the plaintiffs would be entitled to a refund of their money. No time limit is set for exercising the option to cancel for failure to get a loan commitment.
The second stage assumes that a loan commitment has been obtained and then the purchasers are given a further escape from the obligations of the contract. If the Veterans’ Administration does not approve the loan by August 17 and if notice of this is given to the sellers before August 21, the purchasers are relieved under the agreement. If the Veterans’ Administration did not approve and the notice electing to cancel the agreement was timely, plaintiffs were entitled to a return of the $1,200. If no notice electing to cancel were given, the agreement would remain in force.
After the contract was signed the plaintiffs set about in good faith and with diligence to procure a mortgage commitment, but no firm mortgage commitment was ever obtained. The defendants were kept advised of the progress of the negotiations for a loan. A purported letter of commitment from X. J. Marschall & Company was given by letter of July 18 but this was nothing more than a letter expressing interest and a willingness to give further consideration. What was called a “ commitment ” was subject to five things:
(a) Satisfactory Certificate of Reasonable Value;
(b) Certificate of Eligibility;
(c) Certificate of Commitment from the Veterans’ Administration ;
(d) Acceptable Credit of Purchasers; and
(e) Approval of the Marschall Trustees.
It will be noted that “ satisfactory ”, “ acceptable ” and “ approval ” are all words reserving to X. J. Marschall & Co. the right to say “No”. This is not such a commitment as *874 would warrant an applicant for a mortgage believing he had such a mortgage. It appears that, in fact, X. J. Marschall & Co. did refuse to make the loan. The purchasers had no commitment for the mortgage within three weeks from the date of the contract and so they had the option to cancel. Since there was no time limit on this, it must be construed that the right ran for a reasonable time after July 28. However, after the three weeks had expired, the attempt to get the mortgage loan continued and on August 24 there is a letter to Murray, the defendants’ attorney, directly from the mortgage broker, Antonissen, indicating that a new mortgage would be processed by another company. This with a letter of August 25, however, shows that before a commitment would be given, a “ prior approval ” by the Veterans’ Administration would be required.
The closing never was possible for no mortgage ever was obtained. Of this the defendants were advised. It is true that defendants were inconvenienced and suffered some monetary loss on making the ultimate sale and moving to their new home but there can be no recovery here for them.
As is shown by the letter of October 24 to plaintiffs’ attorney, even the so-called commitment of August 23 was cancelled out because plaintiffs’ credit standing was not satisfactory. At no time did plaintiffs have a mortgage. The defendants, directly and through their attorney, were kept advised of the situation and were willing to grant more time which they did. Both sides were working to get the transaction closed but the purchasers were never able to get the mortgage. The sellers knew this and they, too, had a right to cancel the contract at this time. But they hoped the sale would be ultimately consummated. This never happened.
It would now be inequitable upon these facts to have the purchasers lose the down payment. The defendants could have ended the whole arrangement when the mortgage was not obtained but they chose not to give the money back but to work along with the purchasers in the hope that the sale would not be lost. On November 5 final word was given to plaintiffs that no more time was to be granted to obtain the mortgage. From this date plaintiffs were entitled to a return of their money.
Judgment is awarded in favor of the plaintiffs for the sum of $1,200 with interest from November 5, 1956, together with the costs and disbursements of this action.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.