Nathaniel T. Helman, J.
This action was tried without a jury, findings of fact and conclusions of law having been waived.
Plaintiff, a licensed real estate broker, sued to recover a balance of $3,782.50 allegedly due him under the terms of a written agreement dated February 10,1959. It appears that closing of title to a parcel of property in the sale of which plaintiff had acted as broker, was delayed because of the inability of the purchaser to meet his financial requirements on the date scheduled for closing. To assist the buyer, the broker personally advanced $2,000 in cash on the closing and took back an agreement calling for repayment of bis advance together with a sum equivalent to his commission, within 60 days. To further assure payment a deed to the property was deposited in escrow with an attorney, whose duty it became to turn over the deed to defendant, Aaronson, in the event that the indebtedness to plaintiff had not been discharged within the prescribed 60-day period.
Defendant, a signatory to the agreement, thereupon undertook, upon receipt of the deed to ‘1 pay to Kaufman and Walpin the balance of the sums due them under the agreement ”. It *813 is undisputed that the indebtedhess (other than the advance of $2,000) was not paid and that the deed was delivered to the defendant by the escrowee.
It is now claimed by the defendant that:
1. The purport of the agreement was that defendant was to receive the deed-as “ nominee ”, solely for the purpose of selling the property and remitting to plaintiff from the proceeds of such sale any sums due him.
2. The agreement of February 10,1959, had been orally modified by subsequent discussion among the parties to provide for a different plan of payment to the plaintiff.
3. That plaintiff’s course of conduct in subsequent relationships with all of the parties constituted a waiver of his claim under the agreement.
On all of the conflicting aspects of the testimony, the court accepts the version offered by the plaintiff and finds that no act or omission on the part of the plaintiff constituted a voluntary and intentional relinquishment of his right to payment under the contract. Before a claim of waiver or estoppel can be proved, the evidence should be of sufficient probative force to establish that there was in fact an intention to waive the right or benefit. (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34 ; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395 ; Gibson Elec. Co. v. Liverpool & London & Globe Ins. Co., 159 N. Y. 418.) Indeed the oral testimony offered by the defendant in support of its contention with respect to a waiver shows no evidence of legal consideration and runs counter to the provisions of subdivision 2 of section 33 of the Personal Property Law.
It has been frequently held with respect to brokerage commission agreements, that while consideration is no longer necessary for modification of such agreements, the modification must be in writing (Bonsera v. Kolleda, 78 N. Y. S. 2d 879 ; Dwight-Helmsley, Inc. v. Myron Realty Co., 273 App. Div. 948).
The contention of defendant that his appearance as a signatory to the agreement was only an accommodation to the others and that his capacity was that of a “nominee” belies the plain meaning of the agreement. The contract was prepared by an experienced real estate attorney who subsequently participated in several conferences between the parties and who could readily have reduced to writing any modifications of its terms. “ To make out a waiver of a legal right, there must be a clear, unequivocal and decisive act of the party showing such purpose, or acts amounting to an estoppel on his part ”. (Parsons v. Lipe, 158 Misc. 32, 79.)
*814 None of the elements of a waiver or estoppel appear from the proof nor can any be adduced by implication from the conduct of the plaintiff following the making of the agreement. (Zuk v. Irion, 12 Misc 2d 871.)
Accordingly, judgment is rendered in favor of the plaintiff and against the defendant for the sum of $3,782.50 with interest from June 2, 1959.