Jack Stanislaw, J.
Plaintiffs move and defendant cross-moves for summary judgment in an action for the return of a down payment in a real estate transaction. The contract was made conditional upon plaintiffs’ obtaining a mortgage commitment and provided that title closing shall be held at the office of the attorney for the lending institution on September 28, 1967. The condition relating to the contemplated mortgage is set forth on the face of the contract as follows: “ This contract is conditioned upon the purchasers obtaining a mortgage commitment in the amount of $13,500 for a period of 20 or 25 years at the prevailing rate of interest. Should the purchasers be unable to obtain said commitment and credit approval within three weeks from the date of the signing of this contract, the attorney for the purchasers shall notify in writing the attorney for the seller of such fact and in that event the contract shall be null and void and all the monies paid on the contract shall be returned to the purchaser with no further liability to either party.”
The day after contract signing, plaintiffs ’ attorney forwarded a mortgage application to a bank in Sayville. The application was rejected on September 19, 1967. On September 25, within three weeks after the contract date, plaintiffs’ attorney spoke to defendant’s attorney and requested an extension of time until October 10 to obtain a mortgage. The request was granted. On October 3, plaintiffs’ attorney submitted an application to another bank, which was rejected on October 6. Plaintiffs’ attorney then advised defendant’s attorney of the second rejection and made oral demand for return of the down payment. On October 23, defendant personally appeared at the office of plaintiffs’ attorney and instead of returning the down payment, presented a mortgage application for a third bank. Plaintiffs, however, refused to complete the application and advised their attorney that they wished to cancel the contract. Plaintiffs’ attorney notified defendant and his attorney accordingly and on November 8, 1967 made written demand for return of the down payment. They, in turn, informed plaintiffs’ attorney that the ■property was being sold to another purchaser and that the down *665 payment would be returned upon receipt of the contract. Thereafter, plaintiffs’ attorney made numerous requests but the down payment was not returned and is still retained by defendant. It is now defendant’s contention that because the November 8, 1967 letter was not within the three-week period provided for in the contract, plaintiffs are not entitled to recovery. The settled law in this State, however, is to the contrary.
Patterson v. Marchese (12 Misc 2d 189) involved a similar dispute. In that case the contract provided that the purchaser’s performance shall be conditioned upon his obtaining a mortgage commitment for the purchase of defendant’s premises, within a period of six weeks from the contract date. Because of the purchaser’s inability to secure a commitment, the time for title closing was extended, with the seller’s consent. Thereafter, a commitment was obtained, but in order to cute certain objections to title raised by the lending institution, additional extensions were granted and finally, after the objections were cured, the bank lost interest and refused to proceed with the loan. Upon the purchaser’s action for return of his down payment, the court noted that the contract was conditioned upon the purchaser securing a mortgage and held that since the condition precedent was not fulfilled through no fault on the part of the plaintiff, plaintiff was excused from performance and entitled to return of his down payment. Affirming the decision of the court below, the Appellate Division, Second Department (10 A D 2d 639, 640) stated: “ The clause in question was inserted in the contract for respondent’s protection, apparently with the understanding that unless he procured the mortgage loan it would be impossible for him to perform the contract on his part. This being so, he was not in default since, through no fault of his, the condition was not fulfilled, and cases such as Lawrence v. Miller (86 N. Y. 131), which hold that a purchaser who has defaulted in the performance of an executory contract of purchase and sale cannot recover payments made to the seller on account of the purchase price are not controlling.”
Zuk v. Irion (12 Misc 2d 871) involved a real estate contract which also was conditional upon purchasers’ obtaining a mortgage within a fixed period of time. The period was then extended by mutual consent. The court, in that case, held that under such circumstances the purchasers were entitled to return of their down payment, when no mortgage could be obtained, even though the period for cancellation, provided for in the contract, had already expired.
In the instant case, defendant was timely advised of plaintiffs’ inability to obtain a mortgage commitment. Implicit in the *666 agreement to extend the time to obtain a commitment was an extension of time to cancel the contract if no commitment could be secured. No outside date was fixed for such extension. The contract, therefore, became one terminable either within a reasonable period of time or at will, dependent upon the circumstances (Mitler v. Friedeberg, 32 Misc 2d 78).
After rejection by two banks, plaintiffs herein were under no obligation to proceed with the third application supplied by defendant, particularly in view of the tight money market and since there was no indication that the requirements of lending institutions had become more lenient during the period in question. Defendant is a licensed real estate broker and no doubt was well aware of the status of the mortgage market at that time. Moreover, defendant advised plaintiffs’ attorney that the house was sold to another buyer.
In Levine v. Robin (46 Misc 2d 324), involving a similar conditional real estate contract, where plaintiffs’ time to obtain a mortgage commitment expired and had been extended with the sellers’ consent, Special Term held that plaintiff’s demand for his down payment was premature since an application for a mortgage commitment was still pending (although prior applications had been rejected and it seemed unlikely that the pending application would be approved). Reversing the lower court’s decision, the Appellate Division, Second Department held: ‘ ‘ The law does not require a party to await the happening of a condition which, without the fault of such party, is incapable of fulfillment [citations]. Under the circumstances, plaintiffs’ cancellation was timely made and did in fact, effect a cancellation of the contract. Consequently, plaintiffs were relieved from proceeding any further and were entitled to return of their down payment.” (Levine v. Robin, 27 A D 2d 747.) Since there are no factual issues in dispute, plaintiffs’ motion for summary judgment is granted.
Settle order, providing for interest from November 8, 1967 (Zuh v. Irion, 12 Misc 2d 871, supra) plus costs on the motion in the sum of $10.