Richard J. Cardamone, J.
This is an article 78 proceeding instituted by the petitioner Wyamon E. Brown against the Commissioner of Motor Vehicles, to restrain and enjoin the respondent Commissioner from conducting a hearing relative to petitioner’s operator’s license.
On March 31, 1968 the petitioner was arrested and charged with driving while intoxicated in the City of Syracuse. He refused to submit to a chemical test.
*737 Pursuant to section 1194 of the Vehicle and Traffic Law a hearing is required which the petitioner must attend. The hearing was scheduled for July 30, 1968 but was adjourned at the request of the petitioner’s attorney because he was on vacation. The matter was then rescheduled for September 17, 1968 at which time the petitioner and his attorney appeared, but the arresting police officer failed to appear. Petitioner’s attorney states in his affidavit that at that time the hearing officer advised him that the matter would be adjourned one more time and “ if the Officer did not appear it would be dismissed ”. The case was then scheduled for October 24, 1968 and upon the appearance of the petitioner and his attorney they were advised that the matter would have to be rescheduled due to the illness of the arresting police officer. It was then rescheduled for December 13 at which time the petitioner and his attorney once again appeared but the police officer again failed to attend. At that time the petitioner moved to dismiss. This motion was denied and the hearing was rescheduled for January 20, 1969. Petitioner then obtained a stay of the January 20 hearing from this court (O’OomroE, J.) pending the outcome of this article 78 proceeding to enjoin the Commissioner from conducting any hearings in this matter.
It is petitioner’s contention that such frequent scheduling of hearings was an abuse of the hearing officer’s discretion and prejudicial to his rights since he is bound each time he receives a notice of a hearing to attend because the statute (Vehicle and Traffic Law, § 1194) makes failure to attend a hearing result in mandatory revocation of his driver’s license.
The Attorney-General, appearing for the Commissioner, concedes that the above recitation of the facts as alleged by the petitioner is accurate. He does contend, however, that these facts are insufficient to entitle the petitioner to the relief requested because (a) there has been no hearing as to whether the petitioner’s license must be revoked and in the absence of any final action by the Commissioner the petitioner is not an aggrieved party under article 78 and (b) the Commissioner acted pursuant to section 1194 of the Vehicle and Traffic Law based upon the petitioner’s refusal to submit to a chemical test.
The contentions of the respective parties do raise the underlying question as to whether the discretionary administrative power of the Commissioner in compelling the attendance of the petitioner at a number of adjourned hearings may be limited.
Standards for the conduct of a motor vehicle hearing ordinarily would be found in rules and regulations promulgated by the Commissioner and filed in the Department of State (N. Y. *738 Const., art. IV, § 8; Executive Law, § 102). All such, rules and regulations except as they relate solely to the organization or internal management of the department are required to be filed, printed and published. Such are not on file. In their absence, a good guide to practice in this type of hearing is found in the Manual for Hearing Officers in Administrative Adjudication in the State of New York (Manual No. 16, 1961). This Manual sheds light on applicable administrative procedural requirements and safeguards. It was prepared to assure uniformity of standafds for those engaged as hearing officers in various State agencies (Manual, preface, p. 3). Thus paragraph 9 under Hearing Schedules at page 16 provides 1 ‘ In the scheduling of cases, in expediting the hearings on the scheduled day and in adjourning cases, there should be borne in mind always that attendance at a hearing may cost a party or a witness a day’s pay, or may affect adversely the small business man or the professional practitioner. Their time and money should not be wasted.” The value of administrative hearings is in keeping with its speed and expedition (Manual, Expedition of Hearing, p. 34). An adjournment may be directed or granted by a hearing officer in his discretion on his own motion; he should explain to the parties the reason therefor; ‘ ‘ the practice as to adjournments should be in keeping with the purpose that in administrative proceedings, no case should be delayed unreasonably.” Adjournments are granted as a matter of right when there is a legal excuse which may be illness, absence from the jurisdiction, or engagement in court of an attorney for a party. (Manual, Adjournment of Hearing, p. 42-43).
Viewed in light of the Manual’s provisions, the first adjournment was at petitioner’s request because his attorney was away and was granted by the hearing officer in the exercise of his own discretion; the third was caused by the arresting officer’s illness, which is a legal excuse and the adjournment was granted as of right. The second, fourth and attempted fifth adjournments were not based on legal excuses and were, therefore, all an exercise of the hearing officer’s discretion.
Previously promulgated rules regarding adjournments of motor vehicle hearings state that the Bureau Manual (no longer available) provides for three adjournments if satisfactory reasons are presented; after the third, anyone requesting a fourth is notified that no further postponement can be granted unless the circumstances are extremely unusual. (Administrative Adjudication in the State of New York, Benjamin Report, vol. 4 Department of Taxation and Finance, p. 256 [1942].)
*739 The right to drive is a privilege granted by the State with certain imposed conditions, one of which is that a person must consent to a chemical test as required by the law (Vehicle and Traffic Law, § 1194). Ordinarily, once the conditions of the statute are met, refusal to take the test results in a mandatory loss of one’s license. (Matter of Finocchario v. Kelly, 11 N Y 2d 58 [1962].) But, one of the conditions of the statute grants such a person an opportunity to be heard, unless such opportunity is waived. Such a waiver could be implied by the petitioner’s failure to appear at a scheduled hearing. At the hearing the arresting officer must testify as to the facts giving rise to his reasonable grounds to believe that the person arrested had been driving in an intoxicated condition. The hearing officer must be satisfied that (1) such reasonable grounds existed and (2) the petitioner had been warned prior to such refusal that such refusal might result in the revocation of his license (Vehicle and Traffic Law, § 1194, as amd.). Thus, the presence and testimony of the arresting officer are both essential to an appropriate determination by the hearing officer. Three of the hearings here were not held due to the Commissioner’s failure to have the arresting officer present. Such does not grant petitioner his opportunity to be heard provided in the statute (Vehicle and Traffic Law, § 1194).
The petitioner’s license itself is a property right (Matter of Moore v. Macduff, 309 N. Y. 35 [1955]) within the protection of the due process clause (N. Y. Const., art. I, § 6); (Matter of Breslow v. Hults, 26 A D 2d 931, 932 [1st Dept., 1966]). Such driver’s license is of value and a citizen should not be deprived of it except by due process of the law. On all rescheduled hearing dates the petitioner and his attorney were present. Quite obviously, the petitioner was present at these multischeduled hearings for the purpose of protecting his license. Plainly, the practice by the Commissioner of scheduling hearings and then adjourning them without limitation because the arresting officer (whose presence was an obligation of the Commissioner) did not appear, is a violation of the petitioner’s rights.
Concededly, the administrative proceeding for the revocation of a driver’s license and the criminal prosecution (dismissed in Justice Court in this case) arising out of the same violation proceed independently of each other and the outcome of one is of no consequence in the other (Matter of Finocchario v. Kelly, 11 N Y 2d 58, supra; Matter of Bowers v. Hults, 42 Misc 2d 845 [1964]). However, the fact should be noted that, *740 were these adjournments to have occurred in the criminal prosecution arising out of this case on these charges, such adjournments would undoubtedly have resulted in a dismissal for failure to prosecute. (People v. Wagner, 15 N Y 2d 799 [1965].) Due process of the law on the administrative proceedings in-this same case should require more adherence to the concept of “fair play” in the disposition of important privileges and rights of citizens than such as were adhered to here. (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441 [1952].)
A scholarly and affirmative view of judicial intervention during the course of unduly protracted administrative hearings is contained in an analysis of Deering Milliken Inc. v. Johnston (295 F. 2d 856) which upheld a District Court injunction against the National Labor Relations Board from proceeding with certain further hearings. While recognizing that in these circumstances the court is substituting its judgment for that of the administrative tribunal, such does not appear beyond the proper scope of the judicial process. When agency procedures unduly infringe upon the rights of private citizens, such concern those broader aspects of the legal order for which the courts are primarily .responsible. (Judicial Acceleration of the Administrative Process: The Right to Relief from Unduly Protracted Hearings, 72 Yale L. J. 574, 586 [1963].)
Under the standards to be applied here, the attempt by the respondent to reschedule this hearing for the fifth time was an abuse of the hearing officer’s discretion under article 78 of the CPLR warranting judicial intervention. “ The officers of our government, from the highest to the lowest, are equally subjected to legal restraint ” (Gilchrist v. Collector of Charlestown, 10 Fed. Cases 355, 356 [1808]; United States v. Lee, 106 U. S. 196, 220 [1882]).
Accordingly, the Commissioner is permanently enjoined from holding a hearing in this matter.