Edward J. Greenfield, J.
In this article 78 proceeding, petitioner seeks a review and an annulment of a determination of the respondent Frederick Dobler, Hearing Referee of the Department of Motor Vehicles of the State of New York, suspending the petitioner’s driver’s license for his refusal to testify at a hearing conducted pursuant to section 510 of the Vehicle and Traffic Law on September 1, 1971. The specified hearing was held to investigate a motor vehicle accident allegedly involving petitioner which resulted in the death of a pedestrian, Lennie Williams.
On the hearing, the only witness who was called to testify was the petitioner. The Referee at the outset of the hearing stated that Patrolman Lang, who had investigated the accident, would he unable to appear because of “two court engagements”. Except for giving his name and address the petitioner, upon advice of counsel, refused to respond to the questions of the Hearing Referee, asserting his privilege against self incrimina *947 tion under the Fifth Amendment to the United States Constitution. Thereupon, the Referee ruled that so long as petitioner refused to testify, his license would be suspended.
The possibility of incrimination was real, and not remote or fanciful. Criminal charges had, in fact, been brought against the petitioner, but they had been dismissed because of the State’s failure to prosecute. Such a dismissal was not on the merits, and petitioner could be subject to a new indictment for vehicular homicide or further prosecution on criminal charges arising out of the accident.
The petitioner did stipulate that an accident report, which was subsequently offered into evidence by the Referee, was his own, after the Referee indicated that he would otherwise suspend the petitioner’s license for failure to file an accident report as required under section 605 of the Vehicle and Traffic Law. The “ description and apparent cause of accident” section of this report, while admitting his involvement, does not on its face indicate that the petitioner was responsible for the accident or the death of the pedestrian, and in fact tends to exculpate him.
Upon the petitioner’s continued refusal to testify upon advice of counsel, the Referee declared, 1 ‘ What I am going to do is temporarily suspend your license until such time as you will testify.” The written disposition, apparently filed after this order to show cause was brought on, provided: ‘ ‘ Suspend license of William R. Jackson for his refusal to testify at today’s hearings, pursuant to section 510 of the V & T Law, as of 9/11/71. License surrendered at hearing.” The written disposition calls for a rescheduled hearing, as to which the hearing minutes are silent.
The indefinite suspension of the petitioner’s license on September 1, 1971, so long as he refused to testify, was improper. While nonfinal in form, in actuality it amounts to a semi-permanent long-term revocation. On a hearing pursuant to section 510 of the Vehicle and Traffic Law, a driver’s license may be suspended only for good cause based on competent legal testimony (Matter of Wignall v. Fletcher, 278 App. Div. 28, affd. 303 N. Y. 435; Matter of Brown v. Tofany, 59 Misc 2d 736; Aurrichio v. Rinaldi, 56 Misc 2d 663; Matter of Roy, 9 Misc 2d 991.) Section 510 of the Vehicle and Traffic Law does not provide that an individual’s driver’s license may be suspended because he fails to testify at a hearing held pursuant to that section. Clearly no other grounds for suspending the petitioner’s license were adduced at the hearing of September 1, 1971, for no testimony regarding the circumstances of the specified acci *948 dent was offered against the petitioner. The only other claimed ground is the right to suspend ‘1 pending investigation or hearing ”— but this power cannot be exercised arbitrarily so that the “ temporary suspension ” is in fact an “ indefinite suspension ”. The court agrees that under appropriate circumstances calling for further investigation a temporary suspension for a definite and reasonable period may be decreed. But to “ temporarily ” suspend a driver’s license solely on the basis of the invocation by that driver of his constitutional privilege against self incrimination in the absence of other evidence constitutes an exercise of arbitrary power.
To the extent that Matter of Smith v. Hults (50 Misc 2d 240) permits such a basis for suspension this court respectfully disagrees. In the absence of other evidence, silence, predicated upon an individual’s assertion of his privilege against self incrimination, cannot alone constitute the basis for the suspension of an individual’s license under section 510 of the Vehicle and Traffic Law.
The United States Supreme Court has declared, in Spevack v. Klein (385 U. S. 511, 514), that the protection of the self incrimination clause of the Fifth Amendment extended to the continued licensing of lawyers, and, citing Malloy v. Hogan (378 U. S. 1, 8), that the Fourteenth Amendment secures against State invasion the right of a person to remain silent and suffer no penalty for such silence. A penalty is any sanction which makes assertion of the privilege “costly”. (Griffin v. California, 380 U. S. 609, 614.) If a license to practice law cannot be revoked for invocation of the privilege, then surely a license to drive, which may equally he a means of livelihood, may not be suspended for so long a time as the licensee asserts his constitutional prerogatiye.
Accordingly, the respondent Referee’s determination of September 1, 1971, suspending the petitioner’s license because of the petitioner’s refusal to testify at the specified hearing is annulled, and the petition is granted.