Richard F. Kuhnen, J.
On March 8, 1975 petitioner Floyd T. Miller, Jr. was arrested and charged with driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. At the time of his arrest petitioner refused to submit to a chemical breath test as required by subdivision 1 of section 1194 of the Vehicle and Traffic Law. Upon arraignment on the charge of driving while intoxicated, petitioner entered a plea of not guilty and, as of the date of this application, his trial on that charge is still pending.
On June 13, 1975 a hearing was held by the Department of Motor Vehicles to determine whether petitioner’s license should be revoked as a result of his failure to submit to the chemical breath test. At the hearing the arresting officer, Trooper Selby, testified to the events of March 8, 1975, including petitioner’s erratic driving, staggering, the odor of alcohol on his breath, the trooper’s request that petitioner take the breath test, and petitioner’s refusal to do so on the advice of counsel. The hearing officer offered to hear the testimony of petitioner at this hearing, but petitioner declined to testify on the ground that the Fifth Amendment did not require him to give testimony which might prove to be incriminating at his later criminal trial. Petitioner’s attorney then requested an adjournment of the hearing pending the conclusion of the criminal trial, but the hearing officer denied the request as untimely.
On September 4, 1975 petitioner received an order from the Commissioner of Motor Vehicles dated September 2, 1975 revoking his license as a result of his failure to submit to a chemical breath test. Petitioner then filed an "Appeal from Determination” and requested a stay of the order of revocation pending determination of that appeal. By letter dated October 1, 1975 the chairman of the Administrative Appeals Board denied the request for a stay.
Petitioner now asks this court to annul the commissioner’s order of revocation of September 2 pending an opportunity for *249 him to testify at a motor vehicle hearing following disposition of his criminal case. That relief, however, is not available to petitioner by reason of statutory mandate. Section 263 of the Vehicle and Traffic Law provides that "No determination of the commissioner * * * which is appealable under the provisions of this article shall be reviewed in any court unless an appeal has been filed and determined in accordance with this article.” The commissioner’s order of revocation clearly falls within the scope of this section and is thus not subject to judicial review in an article 78 proceeding. Moreover, as a general rule, relief in the nature of article 78 does not lie unless petitioner has exhausted all of his administrative remedies. (Rieder v State Univ. of N. Y., 47 AD2d 865.)
While the petition does not specifically request a review of the Administrative Board’s refusal to grant a stay pending appeal, the court would be remiss in not at least considering this issue since section 263 of the Vehicle and Traffic Law expressly declares that determination to be final and reviewable under article 78. The court’s inquiry, however, is restricted to the issue of whether or not there exists a reasonable or plausible basis for the Administrative Board’s action. (Matter of Fink v Cole, 1 NY2d 48; Matter of Meschino v Lowery, 34 AD2d 255.) The record at the hearing contains evidence adequate to sustain the commissioner’s determination.
Moreover, the validity of that determination is not affected by the fact that petitioner did not testify. Unlike the cases cited to this court by petitioner (Jackson v Commissioner of Motor Vehicles, of State of N. Y., 68 Misc 2d 946; Spevack v Klein, 385 US 511), the referee at the hearing did not base his decision on petitioner’s refusal to testify, but rather on the testimony of Trooper Selby.
Furthermore, having chosen to exercise his Fifth Amendment right, petitioner cannot now be heard to complain that the determination is invalid because it was made in the absence of his testimony. That is the penalty inherent in every exercise of the constitutional right against self incrimination. If the law were otherwise, any criminal defendant could refuse to testify at trial and then defeat an adverse verdict on the ground that he was not given an opportunity to be heard. Neither law nor logic will support that argument.
Petitioner also requests an order granting him the right to apply for a conditional license under article 21 of the Vehicle and Traffic Law. Under this article an alcohol and drug *250 rehabilitation program has been established and pursuant to its terms persons convicted of alcohol and drug related traffic offenses who participate in the program may obtain conditional licenses during a license revocation period. Petitioner argues that this article denies him equal protection under the law by giving preferred treatment to persons convicted of more serious offenses, such as driving while intoxicated, while denying the privilege of a conditional license to those who have had their licenses revoked for merely refusing to submit to a chemical breath test.
Before considering the merits of this contention, it should be pointed out that the order requested cannot be granted under article 78. This type of proceeding permits review of administrative or quasi-judicial determinations of public officers or bodies. (CPLR 7801.) In this case, there has been no such determination. Petitioner has not applied for a conditional license under this article nor has the commissioner refused to grant him one.
In the absence of a determination by the commissioner, petitioner’s proper method of challenging the constitutionality of this article is by an action for declaratory judgment, not an article 78 proceeding. The court, however, will not dismiss this proceeding on that basis, but will instead treat it under CPLR 103 (subd [c]) as having been properly commenced.
A statute is not violative of the Fourteenth Amendment equal protection clause unless it makes a distinction or classification which is arbitrary or irrational (Morey v Doud, 354 US 457; Walters v City of St. Louis, 347 US 231). A legislative classification will be upheld by the courts if any stated facts can reasonably be conceived to sustain it, or if the validity of the classification is even fairly debatable. (New York R. T. Corp. v City of N. Y, 303 US 573; Rodgers v Village of Tarrytown, 302 NY 115.)
Applying that standard, article 21 of the Vehicle and Traffic Law cannot be held unconstitutional. The right to a conditional license under this article is not an incident of conviction for an alcohol or drug related traffic offense; rather, it is a privilege which emanates from full participation in the rehabilitation program. In order to receive a conditional license, drivers must meet the obligations imposed by this article including attendance at instructional and rehabilitative programs for at least 15 hours. (Vehicle and Traffic Law, § 521.)
In view of the expense of establishing and maintaining this *251 type of program, it would certainly appear reasonable to limit participation therein to those persons who have actually been proven to have alcohol or drug problems. Petitioner, however, denies that he has any alcohol related difficulties. He has refused to offer evidence of an alcohol problem by way of the chemical breath test and he has entered a plea of not guilty to the charge of driving while intoxicated. A legislative classification which excludes such a person from an alcohol rehabilitation program and its attendant privileges cannot be defined as arbitrary or unreasonable.
Moreover, even if the court were to find that article 21 offends the dictates of the equal protection clause, petitioner would still not be entitled to the relief requested. At best this court would be able to declare the article void for the reasons cited by petitioner. Under no circumstances, however, would the court be able by judicial fiat to include within the scope of article 21 a class of persons excluded by the Legislature. Such action would be legislative in nature and thus beyond the realm of the court’s authority.
Petition is dismissed.