■ In the Matter of GUIDO BARQUERO, Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in

Montgomery County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's operator's license. At about 3:50 P.M. on December 26, 1975, John Mancini, a police officer of the City of Amsterdam, observed the petitioner sitting behind the wheel of a pick-up truck. The engine was running and lights were on. Mancini and his partner approached the vehicle and, after some difficulty, prevailed upon the petitioner to lower the window on the driver's side. The officer immediately smelled alcohol and observed that the petitioner's eyes were bloodshot and glassy and was barely able to understand the petitioner's mumblings. Upon complying with the police request that he leave the truck, petitioner had difficulty in standing and swayed back and forth. When advised of his rights and requested to submit to a chemical test, petitioner refused. Petitioner was arrested and later indicted for driving while intoxicated. At the Motor Vehicle Department hearing petitioner, after his request for an adjournment had been denied, offered no testimony or defense claiming in essence a constitutional right to an adjournment until the pending criminal matter had been disposed of. Based upon the testimony of officer Mancini, petitioner's license was revoked. Petitioner now contends that the officer lacked reasonable grounds to believe petitioner had been driving and that the refusal to grant an adjournment of the hearing until the criminal charge arising from the same incident was disposed of constituted a denial of due process. Remarkably similar, if not identical, facts and issues were presented in *Matter of Prudhomme v Hults* (27 AD2d 234). There, as here, there was abundant and uncontroverted evidence of intoxication. Though no movement of the vehicle was observed, the engine was running and some lights were on. The petitioner was found to have been operating the vehicle in the presence of the arresting officer and, in consequence, his arrest was legal and constituted a valid predicate for the subsequent procedures under subdivision 1 of section 1194 of the Vehicle and Traffic Law (p 236). Certainly the petitioner here was operating his truck within the meaning of the statute and it has long been recognized that an individual " 'began to violate the law [against operating while intoxicated] the instant he began to manipulate the machinery of the motor for the purpose of putting the automobile into motion', even though he did not * * * mov[e] it" (p 236; *People v Domagala,* 123 Misc 757, 758). In conclusion, the petitioner's chosen course of action, upon the advice of his attorney, to exercise his Fifth Amendment rights, could not, by itself, form the basis for the revocation of his operator's license. However, the exercise of that right does not restrain the Referee from continuing the hearing and if, as here, adequate independent evidence is presented from revoking the operator's license (see *Matter of Prudhomme v Hults, supra; Matter of Miller v Tofany,* 88 Misc 2d 247). The determination should be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.