STATE, Respondent, v. BUNDERS, Appellant.

*No. State 173. Submitted April 10, 1975.—Decided April 15, 1975.*
(Also reported in 227 N. W. 2d 727.)

The cause was submitted for the appellant on the brief of *R. J. Satter* of Prairie du Chien; and for the respon-

dent on the brief of *Bronson C. La Follette,* attorney general, and *Albert Harriman,* assistant attorney general.

BEILFUSS, J. The defendant asserts that because she was not advised of her right to counsel her refusal to submit to the chemical test was not unreasonable.

She contends that she was entitled to be advised of her constitutional rights, including the right to counsel, before she refused to submit to the chemical test by virtue of the *Miranda* rule.[1]

Sec. 343.305 (7) (c), Stats., provides that driving privileges shall be suspended only if the refusal to submit to chemical testing was unreasonable. The defendant asserts on appeal that she had a right to the presence of counsel, a right to be so informed, and that her failure to be so informed makes her refusal to submit to testing reasonable.

The state contends that there is no such right to counsel prior to chemical testing for alcoholic blood content, and that therefore the failure to be so advised has no bearing on the reasonableness *vel non* of the refusal.

The defendant cites only one case to support her position and that case, being inapposite, provides no real support whatsoever. The case is *People v. Ceccone* (1968), 260 Cal. App. 2d 886, 67 Cal. Rptr. 499, where a California Court of Appeals reversed the trial court's conviction because officers, upon discovering a bag of marijuana in the defendant's car, failed to advise him of his *Miranda* rights prior to asking him if the marijuana was his.

It is our opinion that this case is controlled by two United States Supreme Court decisions. In *Schmerber v. California* (1966), 384 U. S. 757, 86 Sup. Ct. 1826, 16 L. Ed. 2d 908, decided one week after *Miranda,* the

[1] *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694.

defendant had been arrested for drunken driving following a collision in which he was involved. At the direction of the police, a physician withdrew a blood sample to measure alcoholic content. Following his conviction, the defendant raised several constitutional objections to the withdrawal of his blood, including an alleged violation of his right against self-incrimination. The United States Supreme Court rejected all of these claims.

As to the self-incrimination aspect, the court stated:

". . . We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends." *Id.* page 761.

". . . Not even a shadow of testimonial compulsion upon or enforced communication by the accused was involved either in the extraction or in the chemical analysis. Petitioner's testimonial capacities were in no way implicated; indeed, his participation, except as a donor, was irrelevant to the results of the test, which depend on chemical analysis and on that alone. Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds." *Id.* page 765.

In *United States v. Wade* (1967), 388 U. S. 218, 87 Sup. Ct. 1926, 18 L. Ed. 2d 1149, the defendant contended, *inter alia,* that he was entitled to the presence of counsel at a postindictment lineup. The supreme court agreed, but emphatically pointed out at pages 227, 228, that its holding did not require the presence of counsel in situations such as that in the case at bar:

"The Government characterizes the lineup as a mere preparatory step in the gathering of the prosecution's evidence, not different—for Sixth Amendment purposes —from various other preparatory steps, such as systema-

tized or scientific analyzing of the accused's fingerprints, blood sample, clothing, hair, and the like. We think there are differences which preclude such stages being characterized as critical stages at which the accused has the right to the presence of his counsel. Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. The denial of a right to have his counsel present at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial."

State courts that have considered the issue agree. *Blow v. Commissioner of Motor Vehicles* (1969), 83 S. D. 628, 164 N. W. 2d 351; *State v. Stevens* (Me. 1969), 252 Atl. 2d 58; *Campbell v. Superior Court* (1971), 106 Ariz. 542, 479 Pac. 2d 685; *Robertson v. State ex rel. Lester* (Okla. 1972), 501 Pac. 2d 1099; *Ent v. Department of Motor Vehicles* (1968), 265 Cal. App. 2d 936, 71 Cal. Rptr. 726.

In light of this authority, we conclude the *Miranda* warnings, including right to counsel, are not required when an arrested driver is asked to submit to a breathalyzer or other chemical test pursuant to sec. 343.305, Stats.

The state further contends that this is not a criminal proceeding, and that therefore the Sixth Amendment right to counsel does not apply. This position finds support in two cases from other jurisdictions. *See Blow, supra; Robertson, supra.* Indeed, the words of the amendment would seem to dictate such a result.

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."

The question, however, is not whether the instant proceeding under sec. 343.305 (7), Stats., to determine the reasonableness *vel non* of the refusal to submit is criminal or not. There is no issue as to the right to counsel at such proceeding. The question is whether there is a right to counsel at the time the decision to refuse or submit to the testing must be made.

A finding that the driver is intoxicated may subsequently lead to a conviction of operating a motor vehicle under the influence of an intoxicant pursuant to sec. 346.63, Stats., which carries a penalty of up to one year in jail, sec. 346.65. Sec. 939.12 defines a "crime" as "conduct which is prohibited by state law and punishable by fine or imprisonment or both. . . ." It seems clear, therefore, that the breathalyzer or other chemical test might form the basis for a criminal proceeding. We believe that the state's argument that no criminal proceeding is involved, thereby making the sixth amendment inapplicable, is without merit. If the police did in fact interrogate the driver as to her driving or intoxication, her answers would be testimonial in character and the sixth amendment would apply. In those circumstances the full panoply of *Miranda* warnings would be required. However, as set forth above, the request to submit to a chemical test does not involve testimonial utterances on the part of the driver and the *Miranda* rule does not apply.

*By the Court.*—Order affirmed.