Roger K. BALLARD, Plaintiff and Appellant,

v.

STATE of Utah, MOTOR VEHICLE DIVISION, Licensing Department, Defendant and Respondent.

No. 15863.

Supreme Court of Utah.

May 2, 1979.

---

Larry N. Long, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Plaintiff appeals from a trial de novo in the district court in which the court affirmed the revocation of plaintiff's driving privileges by defendant Utah State Motor Vehicle Division. Plaintiff contends before us that the revocation proceedings are quasi-criminal in nature, and that protections afforded a defendant in a criminal prosecution were lacking here. Plaintiff also asserts the implied consent statute [1] constitutes an unconstitutional denial of due process. We affirm the district court. All

1. Utah Code Ann., § 41-6-44.10.

2. *Almeida v. Tucey*, 372 F.Supp. 109 (D.C. Mass.1974); *Aiken v. Malloy*, Vt., 315 A.2d 488 (1974).

3. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

statutory references are to Utah Code Ann., 1953 as amended.

On September 19, 1977, Officer Bruce Walker came upon an automobile which had been driven into a borrow pit along a Salt Lake County road. After observing and questioning plaintiff and talking with several witnesses at the scene, Officer Walker determined that plaintiff had been driving the car in an intoxicated condition, and placed him under arrest. At the police station Officer Walker explained to plaintiff the implied consent law and requested plaintiff to submit to a test to determine the level of alcohol in his blood. After plaintiff refused, Officer Walker read to him the implied consent law and again asked him to submit to a test. Plaintiff again refused, and his operator's license was thereafter revoked pursuant to Sec. 41-6-44.10(b).

Plaintiff petitioned the district court for a trial de novo on the matter, and trial was held on March 7, 1978. The district court concluded that plaintiff's license had been properly revoked, and denied plaintiff's petition to change the Driver's License Division's order revoking plaintiff's license.

■■ While we agree with plaintiff that the right to drive is a valuable right or privilege [2] and it cannot be taken away without procedural due process,[3] we do not agree that revocation proceedings are therefore necessarily criminal or quasi-criminal in nature. We also cannot agree with plaintiff's contention that the license revocation procedure as outlined in our statute was enacted to "redress a public wrong." Plaintiff has cited no case holding that a statutory revocation procedure similar to ours is criminal in nature, and indeed the case law appears unanimous in holding that such a proceeding is civil and administrative, the purpose of which is for the protection of the public.[4]

4. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971); *Mills v. Bridges*, 93 Idaho 679, 471 P.2d 66 (1970); *People v. Brown*, Colo., 485 P.2d 500 (1971); *Fritts v. Department of Motor Vehicles*, 6 Wash.App. 233, 492 P.2d 558 (1971); *Burbage v. Department of Motor Vehicles*, Or., 450 P.2d 775 (1969); *Sev-*

The reasoning for the conclusion reached by the courts in these cases is generally similar: the revocation proceeding is separate and distinct from a criminal action on a charge of driving under the influence, and a different burden of proof applies.[5] A person refusing a chemical test is not required to post bond for his appearance,[6] nor is he under any legal duty to appear at the administrative hearing in which the determination may be made to revoke the operator's license. He cannot be fined or imprisoned either for his refusal to submit to a test or for his failure to appear at the hearing. If he fails to appear or if the Division of Motor Vehicles determines the person was granted the right to submit to a chemical test and refused, the Division's authority is limited to revocation of the license for one year.

The purpose of this administrative procedure is not to punish the inebriated drivers; such persons are subject to separate criminal prosecution for the purpose of punishment. The administrative revocation proceedings are to protect the public, not to punish individual drivers. In *Fritts v. Department of Motor Vehicles*, 6 Wash.App. 233, 492 P.2d 558, 562 (1971), the Washington court stated:

> The revocation of drivers' licenses for refusal to submit to the implied consent provisions of RCW 46.20.308 is a function of the Department of Motor Vehicles flowing from the police power of the state to regulate driving in the interest of the public welfare and safety. The proceeding to review that revocation is a civil and administrative proceeding, entirely separate and distinct from the criminal charge for which the driver was arrested.

We agree with the jurisdictions which have addressed this issue that the statutory proceeding for revocation of an operator's license and review of that revocation is administrative and civil in nature, and not criminal or quasi-criminal.

The proceeding not being criminal in nature, plaintiff is not entitled to the application of the rule that the corpus delicti of the crime must be established by evidence independent of the accused's confession. The cases cited by plaintiff in support of his claim that the state did not independently establish that he was driving or in actual control of the car without his admission all involve criminal actions and are not relevant. The record before us indicates Officer Walker ascertained, from admissions by plaintiff and from questioning witnesses at the scene, that plaintiff was the driver of the car, and this evidence was before the district court in the trial de novo. Substantial evidence exists to support the findings of the district court.

Finally, plaintiff contends Sec. 41–6–44.10(a) fails the requirements of due process because it provides the chemical test shall be given to a consenting person by a ". . . peace officer having grounds to believe such person to have been driving or in actual physical control of a motor vehicle while under the influence of alcohol . . ." Plaintiff contends this language is not "susceptible of uniform enforcement and application by those charged with the responsibility of applying and enforcing it,[7] because the officer's grounds do not even have to be reasonable.

We believe the above-quoted portion of the statute necessarily implies

*erson v. Sueppel*, 260 Iowa 1169, 152 N.W.2d 281 (1967); *Blow v. Commissioner of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969).

5. In fact, acquittal of the defendant under the criminal proceeding is not a bar to revocation of the operator's license. *Prucha v. Department of Motor Vehicles*, 172 Neb. 415, 110 N.W.2d 75 (1961); *Fritts v. Department of Motor Vehicles, supra* note 4.

6. The record indicates plaintiff did obtain an order granting plaintiff "bail" in the amount of $500, however, neither the state nor plaintiff mentions this curious procedure in their briefs. Our statute makes no such requirement, and we perceive no need for such.

7. *State v. Packard*, 122 Utah 369, 250 P.2d 561 (1952).

that the officer's grounds must be reasonable. The determination by a peace officer that a person has been driving under the influence of alcohol is often the essence of evidence justifying the revocation of the person's driving privilege; the state cannot arbitrarily revoke such a valuable privilege [8] and statutory steps in revocation proceedings must therefore be tempered with the standard of reasonableness. Thus, the officer must have a *reasonable* basis for his belief [9] that the person requested to submit to a chemical test was driving or in actual physical control of the motor vehicle while under the influence of alcohol. "Reasonable grounds" exist where the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that the situation exists.[10]

Here, the record indicates reasonable grounds justifying the officer's actions. Officer Walker testified he smelled a strong odor of an alcoholic beverage about plaintiff's person, and noticed plaintiff "weave" as he walked. Plaintiff almost fell as he got out of the automobile, and had to steady himself with his hand on the car. Sufficient evidence presents itself in the record indicating compliance by the officer with the statute as construed above.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

---

8. *Bell v. Burson, supra,* note 3.

9. "Grounds" is defined as "a basis for belief or action." Webster's New Collegiate Dictionary, 507 (1976).

10. *Glass v. People,* Colo., 493 P.2d 1347 (1972); *Saunders v. Commissioner of Public Safety,* Iowa, 226 N.W.2d 19 (1975); 36 Words and Phrases, "Reasonable Grounds."