**Joseph Robert SMITH, Plaintiff and Respondent,**

v.

**S. Tony COX, Director, Drivers License Division, Utah Department of Public Safety, Defendant and Appellant.**

No. 16510.

Supreme Court of Utah.

March 26, 1980.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Mark K. Buchi, Asst. Attys. Gen., Salt Lake City, for defendant and appellant.

Robert J. Haws and Sumner J. Hatch, Salt Lake City, for plaintiff and respondent.

1. Pursuant to Rule 76(a), U.R.C.P.

CROCKETT, Chief Justice:

Defendant Drivers License Division of the Department of Public Safety appeals from the district court's granting of a motion to dismiss the proceeding against Joseph R. Smith which had resulted in revocation of his driver's license. The ruling was on the ground that the defendant Division had failed to prove that the plaintiff had refused to take the test required by statute to determine whether he had been driving under the influence of alcohol.[1]

On the evening of December 1, 1978, (about 8:00 p. m.), Officer James Yontz stopped the plaintiff whom he observed driving in an erratic manner on West Second South in Salt Lake City. Sparing unnecessary detail, on the basis of plaintiff's smelling of alcohol, unsteadiness on his feet, and inability to perform some simple field sobriety tests, Officer Yontz placed him under arrest.

Plaintiff does not dispute that Officer Yontz asked him several times to take a breathalyzer test, and gave him warning that if he refused, his driver's license would be revoked. His position is that when the testimony of the officer is excluded, there is not sufficient evidence in the record to prove that he refused to take the test. For the purposes of dealing with the issues presented herein, we accept that proposition.

Plaintiff urges that when the officer placed him under arrest, that involved him in a criminal proceeding; that he had a right to the *Miranda* warning before answering any questions or giving any evidence that might incriminate him; and that because Officer Yontz failed to give him that warning, the court properly excluded the officer's testimony. Defendant Drivers License Division counters that this proceeding relating to plaintiff's driver's license is civil in nature in which the requirement of giving the *Miranda* warning does not apply, and that therefore the trial court erred in sustaining plaintiff's objection to the testimony of Officer Yontz.

In support of his position that he was entitled to the *Miranda* warning before being requested to take the test, plaintiff places reliance on our recent case of *Holman v. Cox*.[2] In that case Justice Stewart, speaking for the Court, discussed the possible confusion that one so accused might have when, on the one hand, he is given the *Miranda* warning: that he need not give evidence against himself; and on the other, is told that unless he so responds and takes the test, his driver's license will be revoked.

We now have the case where the man arrested cannot complain about such confusion, because the officer gave no *Miranda* warning to cause it. He simply told the plaintiff about the provisions of law (Sec. 41-6-44.10) that one who drives a motor vehicle on the public highways is deemed to have given his consent to take the test, and unless he does so, his driver's license is subject to revocation.

What the plaintiff fails to take cognizance of is the significant statement in the *Holman v. Cox* case that:

[W]hen a driver suspected of driving under the influence is arrested, he is at that point involved in a criminal proceeding and must be given the *Miranda* warning *if his subsequent statements are to be admitted in a criminal proceeding against him.* [Emphasis added.]

It is recognized that the plaintiff does indeed have a constitutional right not to give evidence against himself if it is to be used in a criminal proceeding. But he does not have a constitutional right to drive an automobile upon the public highways. (Particularly so, when he has been drinking alcoholic beverages.) The right to drive upon the highways is a privilege conferred subject to conditions; and it may be revoked if those conditions are violated. The purpose of the instant proceeding was to determine whether the plaintiff's privilege of having a license to drive on the public highways should be revoked.

In this connection, it is to be borne in mind that this is not a criminal proceeding against the defendant; that there is no

1. Sec. 41-6-44.10, U.C.A., 1953.

2. 598 P.2d 1331 (1979).

fine or imprisonment to be imposed; and thus in this case we do not confront nor deal with what the ruling would be with respect to the questioned evidence if offered in a criminal proceeding. It is settled beyond question that the instant proceeding is civil in nature. This Court has so stated in a number of cases.[3] As good an example as any is our recent case of *Ballard v. State Motor Vehicle Division*[4] in which this Court, through Justice Maughan, so stated and pointed out that the case law appears to be unanimous that such a proceeding is civil in nature.[5] It follows that insofar as the testimony relates to this civil proceeding, the failure to give the *Miranda* warning did not confer upon plaintiff any right to refuse to take the sobriety test authorized by statute, nor does it justify excluding evidence as to what he did and said upon being requested to take that test.

For the reasons herein stated, we hold the trial court erred in ruling that the testimony of Officer Yontz as to plaintiff's refusal to take the sobriety test could not be received in evidence. The decision is reversed and the case remanded for further proceeding. No costs awarded.

HALL, J., concurs.

STEWART, J., concurs in result.

WILKINS, Justice (concurring in the reversal and remand):

I concur in the reversal and remand, but add these comments.

The majority opinion states that " . . . we do not . . . deal with what the ruling would be with respect to the questioned evidence if offered in a *criminal* proceeding." (Emphasis added). Of course, this is not a criminal proceeding and we need not address this matter in the context of criminal law. But, it should be pointed out, to eliminate misunderstanding, that in *Holman v. Cox*, Utah, 598 P.2d 1331, 1333

---

**3.** See, for example, *Holman v. Cox*, Ibid; *Cavaness v. Cox*, Utah, 598 P.2d 349 (1979).

**4.** 595 P.2d 1302 (1979).

**5.** That numerous adjudications in other jurisdictions are in accord, see footnote 4 above and authorities referred to therein. See also, *State*

---

(1979), cited by the majority opinion, this Court stated:

> When a driver suspected of driving under the influence is arrested, he is at that point involved in a criminal proceeding and must be given the *Miranda* warning if his subsequent statements are to be admitted in a criminal proceeding against him.

In *Holman* we clearly stated that the *Miranda* warning must be given the accused if his statements are admitted against him in a criminal matter. So, it seems to me, we *have* dealt with this matter.

MAUGHAN, J., concurs in the views expressed in the concurring opinion of WILKINS, J.

*Department of Highways v. Beckey*, 291 Minn. 483, 192 N.W.2d 441 (1971); *State of New Jersey v. Macuk*, 57 N.J. 1, 268 A.2d 1 (1970); *State v. Severino*, 537 P.2d 1187 (Haw.1975), *Swenumson v. Iowa Department of Public Safety*, 210 N.W.2d 660 (Iowa 1973), *State v. Bunders*, 68 Wis.2d 129, 227 N.W.2d 727 (1975).