**Lloyd E. LARSON, Plaintiff and Appellant,**

v.

**Fred SCHWENDIMAN, Director, Drivers License Division, State of Utah, Defendant and Respondent.**

**No. 20186.**

Supreme Court of Utah.

Dec. 12, 1985.

Phil L. Hansen, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff appeals the order of the district court revoking his driver's license for refusal to submit to a chemical test, pursuant to Utah's Implied Consent Statute, U.C.A., 1953, § 41-6-44.10, as amended.[1]

Plaintiff was stopped by a Sandy police officer on November 13, 1982, for investigation of drunk driving. After administering field sobriety tests to plaintiff, the offi-

---

1. All statutory citations are to Utah Code Anno- tated, 1953, as amended (Supp.1985).

cer decided plaintiff was under the influence of alcohol and arrested him. No *Miranda* or similar warning was given.[2] Plaintiff was asked on several occasions to take a breath test, which he refused to do. The officer explained that his refusal to take the test could result in the revocation of his driver's license for one year under section 41–6–44.10. Plaintiff still refused, and no breath test was administered.

In a separate criminal proceeding, plaintiff was convicted of driving under the influence and with a suspended license. His criminal conviction is presently pending before us in a separate appeal. *Sandy City v. Lloyd E. Larson*, No. 19754, appeal filed February 14, 1984. Whatever effect the failure to give a *Miranda* warning has upon plaintiff's conviction in the criminal proceedings is not involved here, and we expressly make no determination thereof in this opinion.

In the instant proceeding, plaintiff's license was revoked by the Driver's License Division of the State Department of Public Safety for failure to take the breathalyzer test. § 41–6–44.10. Plaintiff appealed by filing a civil complaint in the district court, alleging that the revocation of his license by the Driver's License Division was arbitrary and capricious and amounted to a denial of due process of law.

Plaintiff's claims were tried before the district court on stipulated facts. In ordering the license revocation, the trial court found that plaintiff had been requested to take a chemical breath test, the statutory elements of the implied consent statute had been followed, and plaintiff had voluntarily and knowingly refused to take the test.

■ On appeal, plaintiff contends that the police officer's failure to adequately explain to plaintiff his constitutional rights by a *Miranda* warning invalidates the revocation of his license. We previously rejected this argument in *Smith v. Cox*, Utah, 609 P.2d 1332 (1980).

Plaintiff also argues that the warning given that his license may be revoked inad-

equately protected his constitutional rights to due process and against self-incrimination. Failure of the officer at the time of arrest to read plaintiff his *Miranda* rights does not violate those constitutional rights insofar as the revocation of his driving privileges is concerned. An action in defense of plaintiff's driving privileges is a civil matter and not criminal. *Muir v. Cox*, Utah, 611 P.2d 384 (1980); *Holman v. Cox*, Utah, 598 P.2d 1331 (1979). Plaintiff's refusal to take a test is not rendered inadmissible in this civil proceeding by the failure to give a *Miranda* warning. *Smith v. Cox*, *supra*.

The explanation afforded plaintiff as to his rights and duties under the implied consent law was adequate and fair insofar as his license to drive is concerned. Plaintiff had no constitutional privilege to refuse a breath test. Afforded fair warning, notice, and an opportunity to be heard as to the consequence of his refusal, plaintiff was not deprived of any due process right by the explanation given him or by the loss of his driving privileges. *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

■ Plaintiff claims his refusal to take the test was not voluntary or intelligent because he was not advised as to any inconsistency between the implied consent law and his fifth amendment rights. *Holman v. Cox*, *supra*. But, because no *Miranda* warning was given, plaintiff cannot now claim that his decision to refuse the test resulted from confusion as to these rights or that revocation somehow imperils his constitutional protections in separate criminal proceedings. *Holman v. Cox*, *supra*; *Cavaness v. Cox*, Utah, 598 P.2d 349 (1979). Moreover, there was no evidence or proffer of testimony that plaintiff was in fact confused or did not understand the consequence of his choice at the time the choice was made.

Finally, plaintiff asserts error in the failure of the officer to advise plaintiff as to the distinction between the self-incrimination provisions of the Constitution of Utah,

---

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

article I, section 12, and the United States Constitution amendment V. Plaintiff relies upon *Hansen v. Owens*, Utah, 619 P.2d 315 (1980). We need only observe that *Hansen* is not applicable to this civil proceeding and was overruled by our recent decision in *American Fork City v. Cosgrove*, Utah, 701 P.2d 1069 (1985).

The order of revocation of plaintiff's license is affirmed.