**Lynno Matt HARRY, Plaintiff and Appellant,**

v.

**Fred C. SCHWENDIMAN, Driver License Services, State of Utah, Defendants and Respondents.**

No. 860338–CA.

Court of Appeals of Utah.

Aug. 10, 1987.

JoAnn B. Stringham, McRae & DeLand, Vernal, for plaintiff and appellant.

Before GREENWOOD, GARFF and BENCH, JJ.

## OPINION

GREENWOOD, Judge:

Lynno Matt Harry appeals the district court's order denying his petition to reinstate his suspended driver's license. We reverse and remand.

On September 8, 1983, appellant was arrested for driving under the influence of alcohol pursuant to Utah Code Ann. § 41-6-44 (1983). The arresting officer took appellant's license and issued him a 30-day temporary license. At appellant's request and pursuant to Utah Code Ann. § 41-2-19.6 (1983), the Department of Public Safety (Department) held a hearing. The hearing examiner received and considered the arresting officer's sworn DUI Report, the results of the breathalyzer test and the citation. Neither the arresting officer nor the operator of the breathalyzer testified. No affidavits were admitted or offered into evidence. Based on the evidence submitted, appellant's license was suspended for ninety days under Utah Code Ann. § 41-2-19.6 (1983). Appellant petitioned the district court for reversal and the petition was denied. Prior to the district court hearing and pending this appeal, appellant's driving privileges were reinstated. Appellant was subsequently found not guilty in his criminal trial for driving under the influence.

Appellant contends that the Department's decision to suspend his license was arbitrary and capricious. We agree based on this Court's decision in *Kehl v. Schwendiman*, 735 P.2d 413 (Utah App.1987). In *Kehl*, the district court's order reinstating Mr. Kehl's license was affirmed because the order to suspend his license was not supported by a residuum of competent evidence. This Court found that the breathalyzer test results and operational checklist were inadmissible due to the absence of an affidavit establishing proper maintenance

David L. Wilkinson, State Atty. Gen., Bruce Hale, Asst. Atty. Gen., for defendants and respondents.

of the breathalyzer machine or that the test was administered by a qualified operator. Similarly, the breathalyzer test results included in the officer's sworn DUI Report were inadmissible because "[t]o allow the double-hearsay, ultimate conclusion of the breathalyzer test in through the back door without the foundational affidavits required under Utah Code Ann. § 41–6–44.3 (1983), would violate the spirit of *Murray City v. Hall* [663 P.2d 1314 (Utah 1983) ].... " *Id.* at 417. The Court also found the test inadmissible as a public record due to its lack of trustworthiness under Utah R.Evid. 803(8). The Court concluded that because the department had no admissible evidence to establish Kehl's blood alcohol content of .08%, it failed to prove a violation of Utah Code Ann. § 41–6–44 (1983). Therefore, the Court upheld the district court's reversal of the order suspending Mr. Kehl's license.

■ In this case, the hearing examiner suspended Mr. Harry's license based on the arresting officer's sworn DUI Report, the results of the breathalyzer test and the citation. In accordance with *Kehl*, we hold that the breathalyzer test results were inadmissible and that the portion of the DUI Report indicating Mr. Harry's breathalyzer results was also inadmissible because of lack of evidence of proper maintenance of the breathalyzer or competence of the test giver. Without admissible evidence demonstrating Mr. Harry's blood alcohol content was .08% or greater, the Department's decision to suspend Mr. Harry's license was arbitrary and capricious.[1] Further, the evidence was not admissible under the public records exception to the hearsay rule due to its lack of trustworthiness under Utah R.Evid. 803(8).

■ We do not reach constitutional issues raised by appellant as this case is reversed on other grounds and remanded for possible further evidentiary hearing. In addition, we find no merit in appellant's contention that acquittal of criminal

charges based on the same incident precludes finding against appellant in the civil license revocation proceeding. *Ballard v. State Motor Vehicle Div.*, 595 P.2d 1302, 1305 n. 5 (Utah 1979).

Reversed and remanded.

GARFF and BENCH, JJ., concur.

---

1. Utah Code Ann. § 41–6–44 (1983) also provides that a person's license may be suspended if the person is under the influence of alcohol to a degree which renders the person incapable of safely driving a vehicle. The record in this case contains no submission of evidence indicating that Mr. Harry was incapable of safely driving.