Dee CARPENTER, Plaintiff,

v.

NOVA CASUALTY CO., Defendant.

Case No.: 2:00 CV 877 JTG.

United States District Court,
D. Utah,
Central Division.

Sept. 22, 2005.

Chris J. Marchant, Marchant Kohler & Kyler LLP, Cedar City, UT, for Plaintiff.

J. Angus Edwards, Jones Waldo Holbrook & McDonough, Salt Lake City, UT, for Defendant.

## MEMORANDUM DECISION and ORDER

J. THOMAS GREENE, District Judge.

Defendant, Nova Casualty Co., moved for summary judgment on claims brought by plaintiff, Dee Carpenter, and on claims set forth in defendant's counterclaim. The action was stayed pending exhaustion of plaintiff's appeal of her conviction for aggravated arson in state court. After final denial of plaintiff's writ of certiorari to the Utah Supreme Court, the parties stipulated to a further continuance in order to allow additional discovery. The Court agreed and established a schedule for further discovery and briefing. After the time allowed for discovery expired, the Court heard oral argument and took the matter under advisement. Being fully advised, and after due consideration, the Court enters its Memorandum Decision and Order.

### STATEMENT OF FACTS

Nova issued a business property insurance policy to plaintiff in May of 1997. Also in 1997, Bank One loaned plaintiff $250,000 payable under a Note and Security Agreement, secured by a trust deed covering plaintiff's real property. Bank One was thereafter named on the insurance policy as the co-insured Mortgagee. On March 24, 1998, plaintiff's property was partially destroyed by fire. Plaintiff subsequently filed a claim with Nova for the estimated repair damages to her property. Nova denied the plaintiff's claims on July 20, 1998, alleging that Plaintiff started the fire and therefore the claim was fraudulent and barred from coverage under the express language of the insurance policy.[1]

In December of 1999, Bank One as the co-insured Mortgagee filed suit against Nova seeking damages for the estimated repair to the property. That lawsuit was settled upon Nova's payment of $82,500 to Bank One without consultation or agreement of plaintiff. In the meantime, on June 27, 2000, plaintiff was convicted by a jury of aggravated arson, for intentionally and unlawfully setting fire to the property covered by her insurance policy with Nova. Plaintiff filed the instant lawsuit against Nova alleging multiple claims involving Nova's denial of the insurance claim filed by Plaintiff, breach of contract, misrepresentations, and bad faith. Nova filed a counterclaim alleging multiple claims. Prior to completion of the civil action, the Court stayed further proceedings, including defendant's motion for summary judgment, pending exhaustion of plaintiff's appeal of her criminal conviction.[2] Plaintiff's appeal of her conviction for aggravated arson is now exhausted, and defendant's motion is ripe for decision by the Court.

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the evidence presented "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. In determining whether the evidence weighs heavily enough in favor of one party so that summary disposition is merited, "the court views the record and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Jeffries v. Kansas*, 147 F.3d 1220, 1228 (10th Cir. 1998). Furthermore, the Tenth Circuit gives the nonmovant "wide berth to prove [that] a factual controversy exists." *Ulis-*

---

1. The policy excludes coverage for "loss caused by criminal, fraudulent, dishonest or illegal acts, [by the insured] or in collusion with another."

2. The Utah Court of Appeals affirmed Plaintiff's criminal conviction and the Utah Supreme Court denied certiorari.

*sey v. Shvartsman,* 61 F.3d 805, 808 (10th Cir.1995). In this regard, the Tenth Circuit has declared that:

> The moving party has the initial burden to show that there is an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden, the burden then shifts to the nonmoving party, who must offer evidence of specific facts that is sufficient to raise a genuine issue of material fact.

*BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.,* 194 F.3d 1089, 1097 (10th Cir.1999) (additional citations omitted). Furthermore, "[c]onclusory allegations made by a non-movant will not suffice. Instead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *United States v. Simons,* 129 F.3d 1386, 1388–89 (10th Cir.1997). The nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1197–98 (10th Cir.2000).

### COLLATERAL ESTOPPEL

#### *Applicable Collateral Estoppel Rules*

 The collateral estoppel rules are substantially similar under Utah law and federal law. *Murdock v. Ute Indian Tribe of Uintah Ouray Reservation,* 975 F.2d 683, 687 n. 5 (10th Cir.1992). Federal courts must apply state collateral estoppel rules in determining whether a prior judgment precludes litigation of an issue. *Franklin v. Thompson,* 981 F.2d 1168, 1170 (10th Cir.1992). Utah has a four-part test for collateral estoppel:

> *First,* the issue challenged must be identical in the previous action and in the case at hand. *Second,* the issue must have been decided in a final judgment on the merits in the previous action. *Third,* the issue must have been competently, fully, and fairly litigated in the previous action. *Fourth,* the party against whom collateral estoppel is invoked in the current action must have been either a party or privy to a party in the previous action.

*Macris & Assocs., Inc. v. Neways, Inc.,* 2000 UT 93, ¶ 37, 16 P.3d 1214, 1222 (emphasis added). For collateral estoppel to apply, all four elements must be present. *Id.* "Issue preclusion, or collateral estoppel, arises from a different cause of action and prevents parties or their privies from relitigating 'particular issues that have been contested and resolved.'" *Id.* (quoting *Swainston v. Intermountain Health Care,* 766 P.2d 1059, 1061 (Utah 1988)).

#### *Collateral Estoppel Based Upon a Criminal Conviction Applied to a Subsequent Civil Action*

Neither the Utah Supreme Court nor the Utah Court of Appeals has applied the doctrine of collateral estoppel and issue preclusion to a later civil action based upon a prior criminal conviction.[3] However, the United States Supreme Court has stated that:

> "[A]s to those matters in issue or points controverted, upon the determination of

---

3. The Utah courts have applied, however, the converse:

 > [w]e find no merit in appellant's contention that acquittal of criminal charges based on the same incident precludes finding against appellant in the civil license revocation proceeding.

 *Harry v. Schwendiman,* 740 P.2d 1344 (Utah Ct.App.1987) (*citing Ballard v. State Motor Vehicle Div.,* 595 P.2d 1302, 1305 n. 5 (Utah 1979) (finding that an acquittal of the defendant under the criminal proceeding is not a bar to revocation of the operator's license in a subsequent hearing)).

which the finding or verdict was rendered," *Cromwell v. County of Sac,* 94 U.S. 351, 353, 4 Otto 351, 24 L.Ed. 195, the findings in a prior criminal proceeding may estop a party in a subsequent civil action.

*Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 157, 83 S.Ct. 554, 561, 9 L.Ed.2d 644 (1963) (*citing Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568–69, 71 S.Ct. 408, 413–414, 95 L.Ed. 534 (1951)).

The weight of authority in other jurisdictions appears to support application of criminal law convictions to later civil cases.

> The general doctrine of estoppel is as applicable to the decisions of criminal courts as to those of civil jurisdiction, and as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered, the findings in a prior criminal proceeding may estop a party in a subsequent civil action.

\* \* \*

■ A criminal conviction can be used for the purposes of collateral estoppel in a later civil action only if the judgment so utilized constitutes a final decision on the merits, there is identity of the issues, and defendant had a full and fair opportunity to litigate the issues in the criminal action.

50 C.J.S. *Judgments* § 923.[4]

■ In the case at bar, the parties do not contest the *second* and *fourth* prongs of Utah's four point test for collateral estoppel. The *first prong* of the test requires that the issues raised in plaintiff's complaint and defendant's counterclaim must be sufficiently identical to issues determined in plaintiff's aggravated arson conviction.[5] The *third prong* requires that those issues must have been competently, fully, and fairly litigated in the previous criminal action.[6] Those two prongs as applied in this case will now be discussed.

*Sufficient Similarity*

The first prong of the Utah test for collateral estoppel as applied to this case requires that the controverted matters concerning the insurance policy in the case at bar are sufficiently similar to the issues and matters upon which the jury made its findings and rendered its verdict in the plaintiff's prior criminal proceeding. Such similarity must be virtually identical in order to estop plaintiff from relitigating the claims now before the Court in this subsequent civil action. *See Kennedy v.*

4. The higher standard of proof in a criminal conviction allows collateral estoppel to be applied to the lower standard of proof imposed in a civil case. Since the government is held to a higher burden of proof in criminal cases, a criminal defendant can be estopped from relitigating any issue decided against him in a criminal proceeding in a subsequent civil action, even when the government ostensibly is not a party in the later action. "There is no mutuality of parties requirement when collateral estoppel is asserted in a defensive manner in a criminal-to-civil context." 50 C.J.S. *Judgments* § 923.

5. Plaintiff was found guilty of a violation of Utah Code Ann. § 76–6–103, which provides in pertinent part:

(1) A person is guilty of aggravated arson if by means of fire or explosives he intentionally and unlawfully damages:
(a) a habitable structure; or
(b) any structure or vehicle when any person not a participant in the offense is in the structure or vehicle.

6. In determining whether there was full and fair litigation in a previous criminal proceeding sufficient to support the invocation of collateral estoppel in a subsequent civil proceeding, the seriousness of the allegations or the criminal charge at the prior hearing is a factor to be considered. 50 C.J.S. *Judgments* § 923.

*Mendoza–Martinez,* 372 U.S. 144, 157, 83 S.Ct. 554, 561, 9 L.Ed.2d 644.

The issues presented in plaintiff's causes of action in this case are: (1) whether defendant breached its contract with plaintiff when it denied coverage of plaintiff's claim following the fire; ·(2) whether defendant made false representations to induce plaintiff to enter into the insurance contract; (3) whether defendant acted in bad faith and breached the covenant of fair dealing in denying plaintiff's insurance claim; and (4) whether defendant negligently misrepresented material facts to induce plaintiff's reliance on the insurance contract. The issues that arise out of defendant's counterclaim are: (1) whether plaintiff breached the contract by filing a claim; (2) whether plaintiff breached the covenant of good faith and fair dealing by setting fire to the building covered by the insurance contract; and (3) whether plaintiff's acts constituted fraudulent conduct under the insurance contract.

Plaintiff's argument concerning the aforesaid issues are two fold, *one,* she did not commit the arson and, *two,* the arson conviction does not resolve this case because a jury could still conclude that another person or source was the cause of the fire. In this regard, plaintiff argued that she did not fully litigate the matter because she alleges that one of her fire experts was not allowed to testify at her criminal trial as to his determination of what caused the fire.

Defendant contends that collateral estoppel should apply as a defense to all of the above issues in the present action because plaintiff was convicted of aggravated arson in state court, and conviction of arson is the central and controlling issue in the present civil action.

▮ There is little doubt that plaintiff's conviction of aggravated arson is a major component of the issues outlined above which are present in plaintiff's causes of action. The same can be said as to the issues presented in defendant's counterclaim. It is clear as to all of the issues raised by both parties, that the insurance policy in question excludes coverage for illegal and fraudulent acts of the insured.[7] Thus, even viewed in the light most favorable to plaintiff, there is no genuine issue of material fact concerning the virtual identical nature of the aforementioned claims as compared to the determination made by the jury in the prior state criminal trial. Collateral estoppel rules preclude further litigation of such substantially identical claims. The jury found plaintiff guilty of aggravated arson, returning a verdict that plaintiff, by means of fire or explosives, intentionally and unlawfully damaged a habitable structure prohibited by Utah Code Ann. § 76–6–103.[8] The plain language of the insurance policy sets forth an explicit exception barring coverage because of illegal acts committed by the insured.[9] Accordingly, this Court finds that the requirement of substantial similarity does exist, satisfying the first prong of Utah's test. Thus, collateral estoppel in its application as issue preclusion in the present case meets the requirement of substantial similarity and virtual identicality of plaintiff's aggravated arson conviction.

*Competent, Full, and Fair Litigation of the Issues*

Collateral estoppel to pass muster under the third prong of the Utah test requires a showing that the relevant issues have been

7. *See supra* note 1.

8. *See supra* note 5.

9. *See supra* note 1.

competently, fully, and fairly litigated. In this regard, plaintiff alleges that material facts are still in dispute. Specifically, plaintiff argues:

> Comparison of the facts as alleged by the defendant and plaintiff uncovers several points of contention. *First*, the cause of the fire is in contention. *Second*, arguendo, even if the fire was the result of arson, it may be attributable to Mr. Robert Burn's acts and not plaintiff's. Mr. Beltran was also convicted of aggravated arson for the damage done to the insured property. *Third*, the plaintiff accuses the defendant of inducing her [to enter] into the [insurance] contract by making misrepresentations about the amount of coverage offered, whether the policy would cover any liability arising from her ownership of a license to sell alcohol and whether the insurance contract applied to the supplies and equipment necessary to run plaintiff's business.

Memorandum in Opposition, Pg. 5, ¶ 3 (emphasis added).

In response, defendant states that "the policy *did* insure plaintiff's supplies and equipment assuming that plaintiff had not intentionally and unlawfully burned the property." Defendant's Reply at Pg. 5, ¶ 2 (emphasis added). Defendant also states that, "the amount of coverage, whether alcohol was sold, and whether supplies and equipment were covered by the policy … are [not] applicable to plaintiff's claims if the Court concludes that defendant was entitled to void the policy and deny coverage for the fire damage at the property." *Id.* This Court agrees.

■ Plaintiff claims that her second cause of action, i.e. whether defendant made false representations to induce plaintiff to enter into the insurance contract regarding the coverage under the insurance policy, presents a genuine issue of material fact. However, as to plaintiff's contention of coverage of supplies and equipment, defendant does not dispute that supplies and equipment were covered by the policy, *but for the arson*. Plaintiff conceded at oral argument that she had no support for her position, and even after an extension of time to allow further discovery was granted by this Court, plaintiff admitted that she had done no discovery on this claim. In short, plaintiff has presented no non-conclusory legal argument or factual dispute to support her allegations or to counter defendant's position that the arson conviction estops plaintiff from litigating those matters.[10]

Similarly, plaintiff claims genuine and material issues of fact are at issue as to her fourth cause of action, i.e. whether Defendant negligently misrepresented material facts to induce Plaintiff's reliance on the insurance contract, and as to defendant's counterclaim against plaintiff, including the amount of damages suffered by plaintiff in light of her allegations of misrepresentation. However, plaintiff only makes such statements and does not rely upon evidence in the record, or provide any support as to where and how these alleged misrepresentations were made or by whom. Plaintiff only makes conclusory statements without support in the record. Although plaintiff requested and received an extension of time to conduct discovery, she conceded that she failed to conduct any additional discovery, and admitted at oral argument that she did not have a factual basis for her claim, stating only that it was possible.

---

10. Defendant relies upon the Criminal Act Exclusion in the Policy at page 13, ¶ 4, which excludes coverage for "loss caused by criminal, fraudulent, dishonest or illegal acts, alone or in collision with another, by: a. 'You' …"

*Insurer's Settlement with Bank One*

It is undisputed that defendant paid $82,500.00 to Bank One as the Mortgagee under the policy. However, the record is clear that the "settlement" entered into between defendant and Bank One did not include plaintiff, even though it was apparent that plaintiff would be materially affected by the settlement and had asserted far reaching claims against defendant. Plaintiff's claims against defendant were asserted after defendant declared the policy void, but before plaintiff was convicted of arson. Interestingly, defendant and Bank One regarded the insurance policy as *in effect* when they entered into their settlement without notice to plaintiff or opportunity for plaintiff to negotiate, even though the policy was earlier denied and *declared void* by defendant.

■ This Court regards both plaintiff and defendant as estopped concerning the $82,500.00 payment. Defendant is estopped from recovering that amount from plaintiff who had no part in fixing the amount. Defendant was a volunteer in negotiating and paying the $82,500.00 to Bank One. Its action in doing so should not bind plaintiff who had no notice and no involvement with it. In addition, defendant is not entitled to recover the amount that it paid to Bank One pursuant to plaintiff's insurance policy because previously it had been declared void by defendant. Plaintiff is estopped from asserting affirmative claims against defendant because of the finality of her conviction for aggravated arson. In addition, beyond conclusory assertions, she has presented no proof sufficient to defeat defendant's motion for summary judgment in that regard.

Based upon the foregoing, it is hereby

**ORDERED,** that defendant's Motion for Summary Judgment on plaintiff's claims is Granted so as to preclude and estop plaintiff from asserting substantially similar claims under the insurance policy which are barred because of her final conviction for aggravated arson; it is

**FURTHER ORDERED,** that defendant's Motion for Summary Judgment as to plaintiff's claims against defendant based upon alleged grievances other than under the insurance policy is Granted for the reason that plaintiff has presented no evidence or anything except conclusory arguments which are insufficient to prevent the granting of defendant's motion for summary judgment as to such claims; it is

**FURTHER ORDERED,** that defendant's counterclaim against plaintiff for recovery of $82,500.00 paid by Nova to Bank One is Denied; it is

**FURTHER ORDERED,** that parties shall bear their own costs and attorney fees.

Defendant is directed to prepare and lodge with the Court a hard copy of Judgment consistent with this Court's Memorandum Decision and Order, after service upon plaintiff and compliance with Local Rule DUCivR 54–1.